## Mrs. P. McCormick *v.* Robert Conway.

*An action for damages for malicious prosecution should not be maintained without proof of malice or bad faith on the part of the prosecutor.*

*Malice may be inferred from an utter absence of probable cause, but in such case, the absence of probable cause, to form the basis of a presumption of malice, should be shown affirmatively and positively.*

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.
*Michel, Gillmore & Semmes* and *Labatt,* for plaintiff and appellee. *Budd & Lambert,* for defendant and appellant.

LEA, J. The plaintiff sues to recover damages for an alleged malicious arrest, made at the instance of the defendant, who charged her under oath with passing a counterfeit bank note, knowing it to be such. There is no proof in the record showing that any actual damage was sustained by the plaintiff, or that she was imprisoned. The jury, however, found a verdict in her favor for the sum of $500, probably as vindictive damages.

We searched the evidence carefully, and find no proof of malice or of bad faith on the part of the defendant. It is true that malice may be inferred from an utter absence of probable cause, but in such case the absence of probable cause to form the basis of a presumption of malice should be shown affirmatively and positively.

In the case at bar, the defendant is shown to be a man of good character, and no fact has been brought to our notice which could induce the belief that he had a motive which could prompt him to make a false accusation against the plaintiff. "The public interest and the proper administration of justice in criminal matters requires that actions for a malicious arrest should not be maintained without clear proof of malice and the absence of probable cause." See *Maloney* v. *Doane,* 15 L. R. 281.

It is ordered, that the judgment appealed from be reversed, and that there be judgment for the defendant, the plaintiff and appellee paying costs in both courts.