## BROWN *v.* SELFRIDGE.

---

MALICIOUS PROSECUTION; TRIAL; DIRECTION OF VERDICT.

1. The trial court properly directs a verdict for the defendant in an action for malicious prosecution at the close of plaintiff's evidence, where it appears that the defendant, in an affidavit upon which a search warrant was issued, stated that certain goods had been stolen from

him by someone unknown, and that he had probable cause to suspect and did suspect that they were concealed in the premises of two women,—one of whom was the plaintiff; and it also appears that upon search of the premises the goods were not found, and the cause was *nolle prossed;* and where the plaintiff, although testifying that she had never stolen anything from the defendant, did not deny, nor was the other woman called as a witness to deny, that the goods had been on the premises, and the plaintiff, to sustain the burden of showing want of probable cause merely proved her previous good reputation. (Citing *Spitzer* v. *Friedlander,* 14 App. D. C. 556; and *Pickford* v. *Hudson,* 32 App. D. C. 480.)

2. Where, in an action for malicious prosecution, the facts are not in dispute, or are clear, it is the duty of the trial court to determine, as matter of law, the question of probable cause. (Following *Slater* v. *Taylor,* 31 App. D. C. 100, 18 L.R.A. (N.S.) 77.)

No. 2008. Submitted November 2, 1909. Decided January 4, 1910.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on a verdict directed by the court in an action to recover damages for malicious prosecution.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Wilton J. Lambert* and *Mr. Rudolph H. Yeatman* for the appellant.

*Messrs. Gordon & Gordon* and *Mr. Henry E. Davis* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This case comes here on appeal from a judgment for appellee, Thomas O. Selfridge, in the supreme court of the District, on a verdict directed by the court.

On the 26th of December, 1907, appellee, defendant below, appeared in the police court of the District and made oath that "twelve curtains of the value of $300, * * * of the goods and chattels of said Thomas O. Selfridge, have, with-

in 200 days last past, *by some person or persons unknown,* being feloniously stolen, taken, and carried away out of possession of the said Thomas in the District and county aforesaid, and that the said Thomas hath probable cause to suspect, and does suspect, that the said goods and chattels are now concealed in the premises of one Rachael Brown and Mary Levy, known as number 717 Eighth street, N. W., in the city of Washington, in the said county and District aforesaid."

Thereupon, on the same day, a search warrant was issued by said court, and a search made of the aforesaid premises by three officers of the law, accompanied by appellee. The alleged stolen goods were not. found, and the cause, which had been docketed in said court, was *nolle prossed* in due course.

On March 17th, 1908, appellant, Rachael B. Brown, brought this suit against appellee for malicious prosecution, her declaration being based upon the foregoing recital of facts. At the trial appellant testified that she knew Admiral Selfridge, the appellee, having been in his employ for nine or ten years prior to 1907; that after the death of his wife, which occurred two years before she left his employ, she acted as cook and house-keeper, did the marketing and attended to different things about the house; that she was sometimes entrusted with market money by appellee and, in the absence of the family, often had charge of the house; that she left his employ to open a boarding house, where she remained from August, 1907, to April, 1908; that on the day of the search she met Admiral Selfridge as he was entering her house with the officers, saying to him: . "'Why Admiral, what do you want in here?' and shook hands with him, but he never said a word."

The foregoing negatives the existence of express malice on the part of the appellee; hence if malice be shown it must obviously be implied, that is, malice in law.

To entitle a plaintiff to maintain an action for malicious prosecution three elements, aside from all questions of special damage, are necessary, *viz.,* termination of the previous suit, want of probable cause, and malice. As there is no controversy as to the termination of the previous suit, that element

is not in issue here; and as plaintiff must show malice, if at all, by inference, that is, from want of probable cause, it is self-evident that want of probable cause is the single element here to be considered.

It appears from the record that Mary Levy, whose name was joined with appellant's in the affidavit of appellee, on which the search warrant was issued, was, and for some time prior thereto had been, living with appellant on the date of the search. Appellant testified that she had never taken anything from Admiral Selfridge, or from his house, and had not been accused of stealing anything of that kind before; but Mrs. Levy never denied taking the goods, and at no time during the trial was it denied by either appellant or by Mrs. Levy that the goods had been on the premises.

To meet the burden of showing want of probable cause, appellant offered in evidence the testimony of several witnesses to the effect that she had previously borne a good reputation for honesty and integrity. This evidence, appellant contended, established, prima facie, the want of probable cause, and that the burden of proof then shifted to appellee. The court ruled that appellant had not met the burden of showing want of probable cause, and therefore, without hearing appellee, directed the jury to return a verdict for him. Appellant's assignment of error is that "the court erred in directing the jury to return a verdict in favor of the defendant, appellee."

The burden of showing want of probable cause was sustained by appellant, if at all, by the evidence of previous good reputation thus introduced; but we hold that this burden was never met by her. It will be noted that the affidavit of appellee did not charge that appellant had stolen the goods, but that they "have, within 200 days last past, *by some person or persons unknown,* being feloniously stolen, taken, and carried away, * * * and that the said Thomas hath probable cause to suspect, and doth suspect, that the said goods and chattels *are now concealed in the premises* of one Rachael Brown *and* Mary Levy." There is nothing in the record to show that some person other than appellant did not steal the goods and

secrete them on her premises. As before mentioned, appellant did not deny that they were never there, and Mrs. Levy did not deny even that she did not take them there. It thus becomes obvious that the real charge made by appellee was never met by any evidence whatever. The sole ground upon which appellee bases her contention that she met the burden of showing want of probable cause is her previous good reputation. That, standing alone as it does, cannot support such burden. Good reputation, in this connection, while it is competent as evidence tending to rebut, in some cases, the presumption of probable cause, is by no means conclusive. It is but a single fact or circumstance to be considered along with others in the case. The burden of showing lack of probable cause, while it may be said to be negative in its character, is no less a burden. *Bacon* v. *Towne,* 4 Cush. 237. It must be met by evidence such that, if no evidence was introduced by the defendant, the court would be justified in referring the case to the jury. To hold that a plaintiff in a suit of this kind could come into court, and, without denying the specific charges made in the original suit, recover on the sole ground that his previous reputation had been good, would put a premium on dishonesty, and make it unsafe for any person to prefer a charge against another without direct and absolute proof of that other's guilt. "Where a citizen acts in good faith in assisting the officers of the law to apprehend and bring to the bar of justice those guilty of crime, or against whom probable cause exists of the commission of crime, such action is to be commended, and not condemned." *Pickford* v. *Hudson,* 32 App. D. C. 480–486.

A search such as was made in this case is almost always attended with uncertainty from the very nature of the proceeding; and while it is certainly true that the law does, and by all means should, discourage the bringing of suits without reasonable cause, because of the unavoidable suffering entailed thereby, it is equally true that the interests of justice demand that no restriction should be imposed which would render timid the man who honestly, and with sufficient cause, suspects that

another has done him injury and violated the law.    The danger in one direction is as grave as that in the other; and the two extremes, operating in this manner, have resulted in a well-defined line of cases.

In *McCormick* v. *Conway*, 12 La. Ann. 53, the plaintiff was charged by defendant with passing a counterfeit bank note with knowledge.    Plaintiff was not imprisoned, and there was no proof of actual damage.    The jury found for plaintiff, and on appeal the court said: "We searched the evidence carefully, and find no proof of malice or of bad faith on the part of the defendant.    It is true that malice may be inferred from an utter absence of probable cause, but in such case the absence of probable cause to form the basis of a presumption of malice should be shown *affirmatively* and *positively*.    In the case at bar the defendant is shown to be a man of good character, and no fact has been brought to our notice which could induce the belief that he had a motive which could prompt him to make a false accusation against the plaintiff."

In *Legallee* v. *Blaisdell*, 134 Mass. 473, it appeared that Blaisdell was administrator of the estate of one Jones.    He applied to a master in chancery for a certificate authorizing the arrest of plaintiff on the ground that he was about to leave the state in violation of his obligation to pay a judgment against him in favor of the estate.    His arrest followed.    It developed on hearing and was admitted by the defendant, that, as a matter of fact, such an intention was conclusively shown by the evidence not to have been entertained by the plaintiff.    Defendant offered no evidence, and asked the court to direct a verdict in his favor, which was done.    Held not to be error on appeal.

Mr. Bigelow, in his Leading Cases on the Law of Torts," speaking of the want of probable cause, says [p. 197]: "There ought to be enough to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused."    Citing *Williams* v. *Taylor*, 6 Bing. 183–186.

In this case appellee, under oath, had declared his belief that

property which had been stolen from him was secreted on the premises of these two women. To meet this positive statement, practically all that appellant has attempted to show is her previous good reputation. At the trial, as already stated, neither of the women denied that the goods had been secreted there; and one of them, Mrs. Levy, did not deny that she had taken them on the premises. Express malice on the part of appellee is admittedly lacking. The authorities show that in order to form the basis of inferred malice the want of probable cause must appear "affirmatively and positively." Appellant seeks, in effect, to make good reputation alone the basis of want of probable cause and then, in turn, to create inferred malice out of this want of probable cause; in short, to base one inference on another. Were express malice actually present, there might be evidence to warrant a finding of want of probable cause, but this evidence seems to us to be clearly insufficient to establish that degree of proof of want of probable cause undoubtedly essential where, as in this case, that want of probable cause would have to support malice, if the latter element was to be shown at all. Of course the existence of probable cause disentitles a plaintiff to recover, even though malice is shown. *Spitzer* v. *Friedlander,* 14 App. D. C. 556. We think, however, that where express malice is shown, the degree of proof required to show want of probable cause is lessened.

The prima facie showing of probable cause, which the law, for reasons already given, assumes for the protection of a defendant, strengthened by the appellee's sworn statement of his belief that the stolen goods were concealed on the premises of appellant and Mary Levy, was, we think, amply sufficient to offset the mere evidence of reputation or character. And when the failure of both appellant and Mary Levy to meet, at any point in the proceeding, the real charge of appellee as to the alleged concealing of his property, this conclusion seems inevitable.

The propriety of the court's withdrawing the case from the jury seems undoubted. The jury finds the facts; the court determines whether those facts constitute want of probable cause.

But where, as in this case, the facts are not in dispute, or are clear, it becomes the duty of the court to determine, as matter of law, the question of probable cause. *Slater* v. *Taylor*, 31 App. D. C: 104. It is true that malice may be inferred by the jury alone, but obviously, where the whole evidence, if admitted to be true, is, in the court's opinion, insufficient to establish the want of probable cause, an essential element, it would be futile longer to consider other elements. Judgment affirmed, with costs.                                     *Affirmed.*

On application of the appellant a writ of error to the Supreme Court of the United States was allowed February 1, 1910.