Argued January 20, decided February 3, 1914.

## THIENES *v.* FRANCIS.

(138 Pac. 490.)

**Malicious Prosecution—Questions for Jury.**

1. In an action for malicious prosecution, evidence *held* sufficient to require submission to the jury.

**Malicious Prosecution—Want of Probable Cause—Knowledge of Exonerating Facts.**

2. The prosecutor of a criminal action must believe in the guilt of accused in good faith, and, if he has knowledge of facts exoner-

ating accused, he cannot justify his proceeding on the criminal charge in an action for malicious prosecution.

[As to what facts necessary to support action for malicious prosecution, see notes in 12 Am. Dec. 265; 26 Am. St. Rep. 127.]

#### Malicious Prosecution—Malice—Evidence.

3. The want of probable cause, while not conclusive, is very stringent evidence of malice.

#### Malicious Prosecution—Want of Probable Cause—Perjured Evidence.

4. A prosecution procured by perjured evidence is without probable cause.

#### Malicious Prosecution—Want of Probable Cause—Perjured Evidence.

5. The finding of an indictment, when shown as *prima facie* evidence of probable cause, may be overcome by proving that the indictment was procured by perjured evidence.

#### Malicious Prosecution—Questions for Jury.

6. In an action for malicious prosecution, evidence *held* to present a question for the jury whether defendant was the proximate cause of putting the law in motion in a criminal action against plaintiff.

#### Malicious Prosecution—Evidence—Sufficiency.

7. In an action for malicious prosecution, defendant's connection with the criminal proceeding against plaintiff may be shown by circumstantial evidence.

#### Trial—Taking Case from Jury—Motion for Nonsuit.

8. On motion for nonsuit, every intendment and every reasonable inference is made in favor of plaintiff, and the court must assume those facts as true which the jury can fairly find from the evidence.

#### Trial—Taking Case from Jury—Questions of Law or Fact.

9. Where men of reasonable minds might draw different conclusions from the evidence, the case is for the jury.

[As to mere scintilla of evidence as sufficient to justify submission of case to the jury, see note in Ann. Cas. 1914B, 472.]

#### Malicious Prosecution—Presumptions.

10. In an action for malicious prosecution, plaintiff is entitled to the usual presumptions of law and fact as in other actions.

#### Appeal and Error—Record—Bill of Exceptions.

11. Errors assigned as to the admission and rejection of evidence will not be considered, when the bill of exceptions is merely a transcript of the evidence, and errors of law must be presented by a bill of exceptions with so much of the evidence only as is necessary to show the point of the objection, except where the review of a motion for nonsuit or directed verdict is involved.

From Lane: JOHN S. COKE, Judge.

Department 2.　Statement by MR. JUSTICE BEAN.

This is an action for damages by W. C. Thienes against I. M. Francis for malicious prosecution. At

the close of plaintiff's evidence, the court rendered a judgment of nonsuit.   Plaintiff appeals.

Plaintiff alleges that the defendant maliciously and without probable cause procured an indictment by the grand jury of Lane County, Oregon, on March 5, 1913, charging him with the crime of perjury; that he was thereafter arrested, and on March 19th following was duly tried on said charge and acquitted.   He alleges damages in the sum of $26,000, some of which are specified.

The defendant by his answer admits that plaintiff was indicted by the grand jury, taken into custody, tried and acquitted by a jury.   He denies the other allegations of the complaint.      REVERSED.

For appellant there was a brief and an oral argument by *Mr. H. E. Slattery.*

For respondent there was a brief over the names of *Messrs. Foster & Hamilton, Messrs. Woodcock & Smith, Mr. R. G. Francis* and *Mr. Fred E. Smith,* with oral arguments by *Mr. Smith* and *Mr. Francis.*

MR. JUSTICE BEAN delivered the opinion of the court.

It appears from the record that about July 7, 1911, the plaintiff conveyed to defendant a quarter section of land in Douglas County, estimated at the value of $7,500, upon a contract for the conveyance from defendant Francis and wife to plaintiff Thienes and wife of real estate and personal property in Lane County estimated at $21,270.   This conveyance was deposited in escrow with the First National Bank, to be delivered to plaintiff upon the payment of the balance, $13,770, and compliance with the other terms of the contract. About the last of June, 1912, plaintiff and defendant had negotiations looking toward a change in the arrangement, and considerable controversy arose in re-

gard to the land, particularly the personal property. As a result a suit was instituted with Thienes, plaintiff, and Francis, defendant, at the trial of which plaintiff offered in evidence a certain certificate or agreement purporting to have been signed by defendant, I. M. Francis, and known as Exhibit A. It was dated at Eugene, Oregon, July 8, 1912, and pertained to the deed held in escrow, and certain conditions in regard to the disposition of the proceeds of the sale of 342½ acres of land.

Upon the trial of the case at bar, plaintiff testified that the defendant, I. M. Francis, signed the agreement in his presence, detailing the time, place and circumstances leading up to the transaction. He also introduced evidence tending to prove the allegations of the complaint, and to show that defendant, Francis, appeared before the grand jury without service of process, and testified falsely that he did not sign the agreement mentioned; that the defendant had said that the plaintiff would not have a dollar left when he was through with him; and that the defendant employed an attorney to assist him in the prosecution of the criminal action against plaintiff. Other evidence was introduced which, it was claimed, tended to show that the defendant had stated that he had made an agreement with the plaintiff similar to that contained in the writing, Exhibit A. There is a large amount of testimony as to the details of the various controversies and litigation between the plaintiff and the defendant, which we deem unnecessary to mention.

1-4. It is clear that the groundwork of the action is the assertion by plaintiff that the defendant testified falsely before the grand jury in order to obtain an indictment against the plaintiff for the crime of perjury. From the circumstances of the case, and from the plaintiff's testimony, which is uncontradicted by the defendant, we think the evidence should have been

submitted to the jury. If the defendant testified, as the proof tended to indicate, that he did not sign the written agreement, when in truth he did, he must have known that there was no foundation or probable cause for the prosecution. In the institution of a criminal action the prosecutor must believe in plaintiff's guilt in good faith. If it appears that he has knowledge of facts which would exonerate the accused, he cannot justify his proceeding upon the criminal charge in an action for malicious prosecution: 26 Cyc. 30. The defendant knew, or is presumed to have known, whether or not he signed the writing, and as to the truth or falsity of the plaintiff's testimony given in the former suit in regard to the signature of the defendant. The evidence of the plaintiff tended to prove affirmatively that the testimony of the defendant before the grand jury was false; therefore, if this was so, there was no probable cause for the prosecution. Malice may be inferred by the jury from an utter absence of probable cause. A proper administration of the law demands that those guilty of a crime be punished promptly. One having good reasons to believe the law has been violated may, in good faith, cause the arrest of the supposed violator, and be protected under the law from an action for damages. Yet, if a man institutes a prosecution against another for a crime of which he has no reason to believe the person guilty, he cannot be influenced by good intentions in so doing. Hatred, revenge or other improper motives, which in law are malice, must be the source of the prosecution. The want of probable cause, while it may not be conclusive, is very stringent evidence of malice: Newell, Malicious Prosecution, 13, 583; *McCormick* v. *Conway,* 12 La. Ann. 53. A prosecution procured by perjured evidence is without probable cause.

5. The finding of an indictment by a grand jury, when shown as *prima facie* evidence of probable cause,

may be overcome by proving that the indictment was procured by perjured evidence: 26 Cyc. 40, b; *Firer* v. *Lowery,* 59 Mo. App. 92; *Flackler* v. *Novak,* 94 Iowa, 634 (63 N. W. 348); *Putnam* v. *Stalker,* 50 Or. 210 (91 Pac. 363).

6. It is contended by defendant that the evidence of the plaintiff fails to show that the former was connected with the prosecution of the latter for the crime of perjury. Defendant's evidence before the grand jury, which was the foundation of the criminal charge and which the plaintiff claims was false, the fact that he employed counsel to prosecute the criminal action, the alleged threat of defendant that plaintiff would not have a dollar when he got through with him, and the extended controversies and litigation between the parties as shown by the record, together with all the other evidence, were circumstances which, we think, should have been submitted to the jury for that body to determine whether or not the defendant was the proximate and efficient cause of putting the law in motion in the criminal action: 26 Cyc. 17, b.

7. The defendant's connection with the original criminal proceeding in a case of this kind may be shown by circumstantial evidence: 26 Cyc. 91; *Grimes* v. *Greenblatt,* 47 Colo. 495 (107 Pac. 1111, 1115, 19 Ann. Cas. 608).

8. Upon a motion for a nonsuit, every intendment and every reasonable inference must be made in favor of plaintiff, and the court must assume those facts as true which the jury can fairly find from the evidence: *Putnam* v. *Stalker,* 50 Or. 210 (91 Pac. 363); *Wallace* v. *Suburban Ry. Co.,* 26 Or. 174 (37 Pac. 477, 25 L. R. A. 663).

9. Where men of reasonable minds might draw different conclusions from the evidence, the case is for the jury: 38 Cyc. 1539; *Galvin* v. *Brown & McCabe,* 53 Or. 598 (101 Pac. 671).

10. In an action for malicious prosecution, the plaintiff is entitled to the usual presumption of law and fact, as in other actions: 26 Cyc. 83.

11. Other errors are assigned relating to the admission and rejection of evidence. We cannot consider these, for the reason that the bill of exceptions consists simply of a transcript of the evidence. If a party desires to have errors of law reviewed, he must present them by a properly arranged bill of exceptions setting out so much of the testimony only as is necessary to disclose the point of the objection. Cases where a review of a motion for a nonsuit or a directed verdict is involved are exceptions to this rule: *Eaton* v. *Oregon R. & N. Co.,* 22 Or. 497 (30 Pac. 311); *Hahn* v. *Mackay,* 63 Or. 100 (126 Pac. 12, 991); *Van de Wiele* v. *Garbade,* 60 Or. 585, 590 (120 Pac. 752).

For the reasons stated, the judgment of the lower court will be reversed and the cause remanded for a new trial.    REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.

---

Motion to dismiss appeal decided September 16, 1913.
Argued on the merits January 20, decided February 3, 1914.