Argued November 21; affirmed December 10, 1935; rehearing denied January 14, 1936

## BROWN *v.* LIQUIDATORS

(52 P (2d) 187)

*Frank H. Reeves,* of Portland, for appellant.

*Robert J. Creamer* and *Francis F. Yunker,* both of Portland, for respondent.

BEAN, J. R. W. Brown executed a promissory note on November 10, 1928, in favor of the Lee Loan Company, which note was assigned to Liquidators in July, 1933, showing a balance due on the note of $23.25. Action was filed by the Liquidators on August 3, 1933, against R. W. Brown, and all his wages that were due him from the Yellow Taxicab Company, his employer, were attached, amounting to $10.11. These wages were held under process for a period of three days, during which time Brown endeavored to get them released, as they were the only income supporting himself and wife. Brown's wife made an affidavit in support of the claim to release the wages as being exempt and they were released from the attachment. The Liquidators did not take a nonsuit in the original action until about September 19, 1934, the day before the case was set for hearing.

Prior to the commencement of the original action the Liquidators notified Ransom W. Brown of the claim and visited him at the taxicab stand where he was employed. Brown told them he was not the person who signed the note. He had lived in Portland about 12 years. The Liquidators examined Polk's Directory of

the city of Portland and found only one Ransom W. Brown in the directory at the time. The place where he worked was different from the place where this plaintiff worked and the name of the wife was different. Mr. Cline, an officer of the Lee Loan Company, went to see the plaintiff and had him write his name, which he compared with the signature of the man who borrowed the money and signed the note. Although he was not a handwriting expert he thought that the signatures were the same.

■ After the voluntary nonsuit was taken in the original action plaintiff instituted this action. About 60 days after the appeal was taken by the Liquidators from the district court to the circuit court, the Liquidators obtained a dismissal of the case for the reason that plaintiff therein had not appeared. Upon presentation of the matter, the circuit court reinstated the case. The defendant assigns the same as error. A careful examination of the statute shows that there is no merit in the proposition. Defendant, who appealed the case from the district court to the circuit court, could dismiss its appeal; that would leave the judgment of the district court intact. The issues were joined in the district court and there was nothing for the respondent Brown to do until the time for trial.

At the close of all the testimony in the present case the defendant moved for a nonsuit, and after the verdict was rendered moved for a new trial on practically the same ground. The testimony in the case tended to show that the original action was commenced by defendant herein maliciously and without probable cause, and the jury so found.

■ In an action for malicious prosecution the existence of malice in the original proceeding is always a question of fact exclusively for the determination of the

jury under proper instructions. That the defendant was actuated by malice is an inference which may be drawn from the proof of want of probable cause. However, such inference is one of fact to be drawn by the jury and not a conclusion of law. The jury is not required to make such inference merely because they find there was a want of probable cause: *Kellogg v. Ford,* 70 Or. 213 (139 P. 751); *Thienes v. Francis,* 69 Or. 165, 169 (138 P. 490); 18 R. C. L. pp. 30, 52, §§ 17, 18 and 34; 38 C. J. 507, § 197.

■ Contrary to the rules as to the nonprobative effects of an abandonment or dismissal of a criminal prosecution, the voluntary dismissal of a civil action is held to be prima facie evidence that it was instituted without probable cause, and to throw upon defendant the burden of showing that there was probable cause for bringing the action: 18 R. C. L. 41, § 24; 38 C. J. 418, § 57; *Shaw v. Moon,* 117 Or. 558 (245 P. 318, 45 A. L. R. 600).

After the original action was commenced the wife of the present plaintiff went to the office of the Liquidators and tried to exhibit the signature of her husband and to explain that he was not the party who signed the note. The testimony tended to show that the officer in charge would not listen to her, that he shouted in a loud voice, swinging his arms, and was rude to her.

The questions involved are of fact. The learned trial judge fairly submitted the case to the jury under instructions practically in accordance with the law, as above stated. Defendant was accorded an impartial trial.

After a careful examination of the record we find no reversible error. The judgment of the circuit court is therefore affirmed.

CAMPBELL, C. J., and RAND and BAILEY, JJ., concur.