Argued January 10, reargued April 5, reversed May 15, 1963

# ALVAREZ *v.* RETAIL CREDIT ASSOCIATION
## 381 P. 2d 499

*Richard D. Nelson,* Portland, argued the cause and filed a brief for appellant.

*Mercedes F. Deiz,* Portland, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

GOODWIN, J.

This is an action for damages for the wrongful institution of a civil action and the attachment of the plaintiff's wages by the defendant collection agency. From a judgment for the plaintiff, the defendant appeals.

The assignments of error all challenge the sufficiency of the evidence to support the verdict.

The facts may be outlined briefly as follows: The plaintiff, Alvarez, was notified by the defendant Retail Credit that a bill for services furnished by Portland General Electric Company had been assigned to Retail Credit for collection. Alvarez, in person, as well as by telephone, advised Retail Credit that he did not owe the bill. His version of the affair was that he was merely an employe of the small restaurant to which the electrical services were furnished. He swore he had nothing to with ordering the electrical service. Retail Credit did not accept Alvarez' explanation. There was evidence from which a jury could have found either way upon the liability of Alvarez for the electric bill, if that question had been the matter in issue. We will assume, however, for the purposes of this case, that Alvarez did not in fact owe the bill.

In the usual course of the defendant's business, Alvarez was served with a summons and complaint in the district court. Alvarez took the papers to an attorney (not his present counsel). He said he thereafter assumed that the attorney had "taken care" of the matter. According to the uncontradicted testimony, how-

ever, the attorney telephoned Retail Credit and advised one of its representatives that Alvarez could not pay the entire account at one time, but would pay $5.00 every two weeks. Alvarez denied in the case at bar that the attorney was authorized to make such a statement on his behalf.

■ After the foregoing events had occurred, and when no payment on the account was forthcoming, Retail Credit proceeded to take a default judgment. In due course, execution was levied upon Alvarez' wages. The case at bar is thus taken out of the rule in Oregon that no action will lie for bringing civil litigation that is merely vexatious, in the absence of a showing of actual damage, e.g., attachment or the like. *Carnation Lbr. Co. v. McKenney et al,* 224 Or 541, 356 P2d 932 (1960).

Still later, upon motion by Alvarez, the default judgment was set aside, and, for reasons that do not appear of record, Retail Credit dismissed its action. All money collected from Alvarez was returned to him.

The foregoing statement, while abbreviated, sets out the material facts that had to be considered by the trial court when the evidence was tested by a motion for a directed verdict.

■ A plaintiff who seeks damages against one who wrongfully prosecutes a civil action against him must prove the following elements:

(1) The commencement and prosecution by the defendant of a judicial proceeding against the plaintiff;

(2) The termination of the proceeding in the plaintiff's favor;

(3) The absence of probable cause to prosecute the action;

(4) The existence of malice, or as is sometimes

stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and

(5) Damages.

See 34 Am Jur 706, Malicious Prosecution § 6; Restatement, 3 Torts 440, § 674; Green, Judge and Jury 337 (1930); Prosser, Torts 662, § 99 (2d ed, 1955); 1 Harper and James, Torts 328, § 4.8.

When tested by the motion for a directed verdict, the plaintiff's case contained ample evidence of the first two mentioned elements of the cause of action.

On the third element, the alleged want of probable cause, Retail Credit insists that it had probable cause, as a matter of law, to believe Alvarez owed the debt when he was sued. Retail Credit relies, in support of this proposition, upon the evidence in the record which tended to show (a) that Alvarez did owe the bill, and (b) that even if he did not owe it, the circumstances reasonably justified the employes of Retail Credit in their belief that he did.

■ We need not decide whether a collection agency, before instituting an action, may rely upon a telephone call from an attorney who purports to represent a debtor, and admits liability. In the case at bar the telephone call relied upon by Retail Credit came after Alvarez had been sued and after his wages had been attached. The telephone call cannot, therefore, relate back to the filing of the action so as to conclude the issue of probable cause at the time Retail Credit set in motion the proceedings against Alvarez. Such evidence is, of course, consistent with other evidence in the case tending to prove that Retail Credit had good reason to proceed against Alvarez in the first place.

■ At the beginning of the case at bar, Alvarez

had the burden of proof upon all the essential elements of his cause of action. In putting on his evidence, he put on no direct proof that Retail Credit had acted without probable cause. But he did prove the voluntary dismissal of the original action by Retail Credit. This was not denied. With the evidence in this condition, Retail Credit's failure to make any explanation of its dismissal prompted the trial judge to submit the case to the jury. If Retail Credit had explained its voluntary dismissal of the collection action in a manner consistent with its other evidence in this case, the trial court would have been required to hold, as a matter of law, that Retail Credit had probable cause to believe that Alvarez owed the debt for which he was sued. As stated in *Kuhnhausen v. Stadelman,* 174 Or 290, 148 P2d 239, 149 P2d 168 (1944):

> "[i]t is a firmly established rule in this state that in actions for malicious prosecution the question of probable cause is a question of law which the judge must decide upon established or conceded facts. If none of the facts are in dispute, the court must decide the case without the intervention of a jury; but, if the case cannot be so decided, it must go to the jury with instructions from the court that certain facts, if found by them to exist, do or do not constitute probable cause; and it is not competent for the court to give to the jury a definition of probable cause and instruct them to find for or against the defendant according as they may determine that the facts are within or without that definition. *Hess v. Oregon Baking Company,* * * * [31 Or 503, 515, 49 P 803 (1897)]; *Timmins v. Hale,* 122 Or. 24, 38, 356 P. 770 [(1927)], and cases there cited." 174 Or at 310-311.

(For a discussion of the respective functions of judge and jury in actions for malicious prosecution arising out of criminal prosecutions, see *Shoemaker v. Selnes*

*et al,* 220 Or 573, 349 P2d 473, 87 ALR2d 170, and the Annotation beginning at 183.)

Since Retail Credit failed to explain why it dismissed its action against Alvarez, we believe no reversible error was committed in submitting the issue of probable cause to the jury. See Restatement, 3 Torts 447, § 675, Comment *b*. We need not decide whether the instructions upon which such issue was submitted properly informed the jury of the law to be applied. There is no assignment of error concerning the instructions, and they are not before us.

There is, however, another reason why the case must be reversed. Equal in importance to a plaintiff's proof of a want of probable cause in a case of this character is the necessity that he prove malice on the part of the defendant. At the close of the evidence, the defendant moved for a directed verdict on the ground that the plaintiff had failed to prove malice as a separate element of his case. The trial court denied the motion, but did withdraw from the consideration of the jury the plaintiff's demand for punitive damages. If punitive damages were properly withdrawn, we then have the question whether, in this state, one who litigates wrongfully can be so free of malice that punitive damages properly may be withdrawn without at the same time being so free of malice that the entire cause of action must be withdrawn.

In withdrawing punitive damages, the trial court recognized that the evidence was wholly barren of proof tending to show that the defendant in suing Alvarez had been actuated by ill will or other improper motive. See Restatement, 3 Torts 451, § 676, and 4 Torts 554, § 908. (The Restatement does not use the word malice to describe the kind of motives that make the aggravated wrong one for which puni-

tive damages may be allowed, but these differences in nomenclature need not detain us in the case at bar.) We agree with the trial court that this was not a case for punitive damages.

 Punitive damages are allowable in this state when there is proof of actual ill will or improper motive in the prosecution of a criminal case. See, e.g., *Gumm v. Heider*, 220 Or 5, 348 P2d 455 (1960). Punitive damages may equally be allowed when civil proceedings are employed against another for improper motives. They were allowed in *Brown v. Liquidators*, 152 Or 215, 52 P2d 187 (1936). However, with reference to malice, there are significant differences between the prosecution of civil cases and the prosecution of criminal cases. All that should be necessary to justify a person in bringing civil litigation is a reasonable belief in facts upon which his claim is based and a reasonable belief that those facts support a claim. See Restatement, 3 Torts 446, § 675. Before setting the criminal law in motion against another, one must correctly believe that the acts complained of constitute a crime, or rely on legal advice to that effect. Restatement, 3 Torts 403, § 662.

There are a number of cases in which courts have said that one who institutes criminal proceedings against another without probable cause may be found by the jury to have done so maliciously, with all the resultant implications thereof in the assessment of damages in the various jurisdictions. See, e.g., cases collected in 34 Am Jur 760, 774, Malicious Prosecution §§ 93 and 121; and 54 CJS 1070, 1105, Malicious Prosecution §§ 90 and 114. Where there has been a criminal prosecution, without probable cause, it is indeed difficult to conceive of a state of mind in the prosecutor that would not be, in the very nature of things, mali-

cious. See 1 Harper and James, Torts 321-322, § 4.6; Prosser, Torts 665, § 99 (2d ed, 1955).

■ *Brown v. Liquidators* recites, more or less automatically, in a case arising out of a civil prosecution, "[t]hat the defendant was actuated by malice is an inference that can be drawn from the proof of want of probable cause." 152 Or 215, supra at 218. It is clear that the law does not presume malice from want of probable cause. If it did, there would be no need for a plaintiff to plead malice as a separate element of his cause of action. See 34 Am Jur 774, Malicious Prosecution § 121. What the courts have said, however, is that the law will permit the jury to draw an inference of malice in most cases where a want of probable cause is found.

■ The case at bar is now in this posture: We have held that the unexplained dismissal of the original action was a fact from which a jury might have inferred that the action had been commenced without probable cause. Thus, we have said there was no error in submitting the issue of probable cause to the jury. Now the plaintiff is saying that since it was permissible to infer that there was a want of probable cause, the inference of malice is also an inference the jury may draw. While, as we have noted elsewhere, a fact proved by inference can in turn be the foundation of another inference, *Eitel v. Times, Inc.,* 221 Or 585, 599, 352 P2d 485 (1960), and the jury can, therefore, draw an inference from an inference, there is a difference between a permissible inference and mere speculation.

■ The real question, when a party seeks to employ one inference as a basis for another inference, is whether the connection between the two inferences is strong enough to support the proposed intellectual

exercise. If, in human experience, it is reasonable to say that when one inference is justified the second may also be justified, as it frequently may be, then there is no reason why the matter may not be submitted to the jury for that body to declare its view of the probabilities. Where, however, the evidence against pyramiding particular inferences is so strong that reasonable minds cannot draw the second inference from the first, then the court may not turn the jury loose to engage in sheer guesswork.

■ In this case, to make out a case of malicious prosecution, it was not enough for the plaintiff to establish merely a basis for an inference of want of probable cause. There must also be some independent evidence of conduct other than the voluntary dismissal, from which conduct improper motives can be inferred. In other words, where the only evidence of a want of probable cause is the inference that may be drawn from the voluntary dismissal of the original action, such an inference will not support the second inference, that the defendant acted with improper motives. There must be some other direct or circumstantial evidence to support the inference of malice.

Had there been in the case before us some evidence of wanton or reckless failure to exercise any care in learning the facts, or evidence of some oppressive and flagrant disregard for the rights of Alvarez, there might have been some justification for submitting the issue of malice to the jury. In the record before us, however, we find not only a total failure of proof of any such conduct, but uncontradicted affirmative evidence that the defendant's servants honestly, and with good reason, believed Alvarez owed the bill.

■ We noted earlier that Alvarez had denied that he owed the bill. We are not, however, aware of any

rule of law that a jury question on the issues of probable cause or malice is presented any time a plaintiff proves that he had contested the original claim. Litigants in civil actions to recover money would no doubt proceed with extreme caution if this court were to hold, as a matter of law, that any time a creditor proceeded with a contested claim he would do so at the peril of having some later jury say he must respond in damages for being wrong.

A plaintiff must prove not only that he was wrongfully sued by the defendant, but that the defendant in bringing the action had a motive other than that of securing an adjudication of the claim on which the action was based. While the unexplained dismissal of the action may create a jury question on the issue of probable cause, it is asking too much of the unexplained dismissal to expect it to carry the whole case. To the extent that *Brown v. Liquidators* may have been understood as permitting the inference of malice to rest on the inference of want of probable cause, and nothing more, it must be overruled.

■ In this state, if there is enough evidence of want of probable cause and of malice to go to the jury at all, then the element of punitive damages must remain in the case. If there is not enough independent evidence of malice to warrant punitive damages, then the trial court should withdraw the entire case, rather than the prayer for punitive damages only.

Reversed with instructions to enter judgment for the defendant.

SLOAN, J., dissenting.

The majority overlook some positive evidence which, if believed, would establish lack of probable cause. It must be remembered that this account was

three years old when the action against Alvarez was started. During all of that time the power company employees knew, and the company records revealed, that the power service had not been ordered by Alvarez personally, but by some one purporting to speak for him and bind him. The power company had ample opportunity to investigate the actual facts.

When this account was assigned to defendant credit association these facts were made known to the employees of defendant. Defendant made no investigation to determine if Alvarez was actually or even probably, responsible even though it had been specifically informed that Alvarez was not. On the very day that Mrs. Alvarez first received the letter from defendant which demanded that the bill be paid, Mrs. Alvarez called both the power company and defendant and denied any responsibility for or knowledge of the account. Notwithstanding this knowledge that there was definite doubt that Alvarez was liable, defendant filed its action without further inquiry.

Mrs. Alvarez testified that in her telephone conversation with the defendant's employee, above mentioned, harsh words were spoken and the employee told her that they knew where Mr. Alvarez worked and, therefore, intended to make him pay. That undisputed testimony is, itself, some evidence of malice. Particularly when the records defendant had to rely on told defendant that there was doubt that Alvarez was liable. And, the employee had just been told in an immediate response to a first demand, that Alvarez did not owe the account.

It is not at all necessary to rely on an inference to find want of probable cause. The court properly submitted this case to the jury.