962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel LLOYD, Cascade Fire Equipment Company, an Oregon
Corporation, Plaintiff-Appellants,
v.
PREMIER INDUSTRIAL CORPORATION, a foreign corporation,
Defendant-Appellee.
 No. 91-35079.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1992.*
Decided May 6, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge and CROCKER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellants Cascade Fire Equipment Company ("Cascade") and Daniel Lloyd (collectively, "C & L") appeal summary judgment against them in favor of Premier Industrial Corporation and Western Fire Equipment Company (collectively, "Western"). C & L had sued Western for wrongful initiation of civil proceedings. The district court had diversity jurisdiction and we have jurisdiction under 28 U.S.C. § 1291 from the final judgment. We affirm.
 
 
 4
 Daniel Lloyd and James Richardson are former employees of Western. Lloyd worked for Western for 21 years, the last 10 of which he served as Western's general manager. In that position, Lloyd was responsible for personnel matters.
 
 
 5
 In 1983, Lloyd resigned from Western. In 1985, having honored a 2-year non-competition agreement he had signed with Western, Lloyd created Cascade to compete with Western.
 
 
 6
 James Richardson worked as a salesman at Western for over 10 years. Like Lloyd, Richardson had signed a non-competition agreement with Western on commencing employment. On January 31, 1988, Richardson left Western. The next day, he began working for Cascade. As a Cascade salesman, Richardson was to be responsible for substantially the same sales territory as he had been covering for Western. Richardson's territory included parts of Oregon.
 
 
 7
 Counsel for Western subsequently wrote to Richardson and Lloyd threatening legal action. In addition to Richardson's going to work for a competing business within two years, the letter noted Western's disapproval of Cascade using photographs taken from Western's catalog in creating Cascade's catalog. Unable to resolve their dispute amicably, Western filed suit against Richardson, Lloyd, and Cascade. The suit against Richardson charged breach of contract and unjust enrichment. Against C & L, Western alleged unjust enrichment, intentional interference with contractual relations, intentional interference with business relations, unfair competition, and civil conspiracy.
 
 
 8
 After Richardson agreed to pay Western some money in settlement, Western dropped its claims against Richardson. At that time, Western also withdrew its claims against C & L.
 
 
 9
 C & L subsequently brought this action against Western. We review the district court's grant of summary judgment de novo. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987).
 
 
 10
 In Alvarez v. Retail Credit Ass'n of Portland, Ore., Inc., 381 P.2d 499, 501 (Ore.1963), the Supreme Court of Oregon announced the elements which make up the wrongful initiation of civil proceedings cause of action. The dispute in this case focuses on the third element--namely, whether C & L has established the absence of probable cause.
 
 
 11
 In announcing the elements of the cause of action, Alvarez relied exclusively on secondary legal sources. One of those sources was the Restatement of Torts. In defining probable cause, the Restatement states that a person has probable cause to bring a claim if:
 
 
 12
 (1) he reasonably believes in the existence of the facts upon which the claim is based, and either
 
 
 13
 (a) correctly or reasonably believes that under those facts the claim may be valid under the applicable law,
 
 
 14
 or
 
 
 15
 (b) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information.
 
 
 16
 Restatement (Second) of Torts, § 675 (1977). Neither party disputes that this describes the law of Oregon.
 
 
 17
 With regard to facts that Western claims to have reasonably believed, Western offered uncontradicted evidence that it was aware of certain facts at the time it filed suit. Western knew that Lloyd had worked as personnel manager for Western for 10 years and had been involved in implementing and enforcing Western's non-competition agreement with its employees. Lloyd hired Richardson the day after Richardson left Western. For Cascade, Richardson was to perform services substantially similar to those he had performed for Western. After hiring Richardson, Lloyd, on behalf of Cascade, sent letters out to customers, some of whom were customers of Western, announcing Richardson's hiring by Cascade. Lloyd, as well as Richardson, received a letter from counsel for Western demanding that Richardson comply with his non-competition agreement with Western. Finally, Cascade was running photographs of products in its catalog which Western believed were taken from Western's catalog.
 
 
 18
 Based on these uncontradicted facts, Western formed the belief that Lloyd knew of Richardson's non-competition agreement with Western before hiring Richardson. In light of Lloyd's role as personnel manager for Western for 10 years, this belief was eminently reasonable.
 
 
 19
 With regard to the second prong of the probable cause analysis, it is sufficient if, after full disclosure, Western relied in good faith on the advice of counsel in forming the belief that its claims were valid under Oregon law. Restement (Second) of Torts § 675(b) (1977). Western demonstrated that its counsel, Kent Wilson, was aware of the foregoing facts and that in filing the claims, Western was relying on Wilson's advice. C & L has offered no evidence relevant to probable cause analysis showing that Western had not made full disclosure to Wilson or that bad faith existed.
 
 
 20
 C & L cannot establish a triable question about the absence of probable cause. Accordingly, summary judgment was appropriate.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable M.D. Crocker, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3