Frank Leon DeMENDOZA; Javier Mendoza, Plaintiffs–Appellees,

v.

William HUFFMAN; Evelene Huffman; Bruce Huffman, Defendants–Appellants.

No. 99–35978.
D.C. No. CV–95–03071–OMP.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 2000.[1]

Decided Jan. 8, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

Before BEEZER, LEAVY and RYMER, Circuit Judges.

## MEMORANDUM [2]

Bruce Huffman, William Huffman, and Evelene Huffman ("the Huffmans") appeal the district court's judgment following a jury verdict against them on counterclaims for wrongful use of civil proceedings and fraudulent transfer of real property. The parties are aware of the facts and we will not repeat them here. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and we affirm.

■ The Huffmans contend that the district court erred when it directed a verdict on the probable cause element of DeMendoza's and Mendoza's ("Plaintiffs") claim for wrongful use of civil proceedings. The Huffmans are incorrect in their assertion that their request for leave to present expert testimony on probable cause was denied. The Huffmans did not make an offer of proof at trial concerning such a witness or the substance of what the witness would have testified. Thus, they waived the right to assert this as error. *See Heyne v. Caruso*, 69 F.3d 1475, 1481 (9th Cir.1995).

■ Moreover, the district court did not err when it determined that Bruce Huffman lacked probable cause when he initiated civil proceedings against the Plaintiffs. Under Oregon law, the existence of the element of probable cause is a question of law for the judge, to be decided on conceded or undisputed facts. *Alvarez v. Retail Credit Ass'n of Portland, Or.*, 234 Or. 255, 381 P.2d 499, 501 (Or.1963).

■ The Huffmans' assertion that the district court abused its discretion when it refused to admit a transcript of an uncertified "deposition" tape is without merit. The transcript was not reliable because Bruce Huffman taped the "deposition"

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

himself and the tapes were difficult to decipher.

 Because they did not object to the reference to the state bar disciplinary proceeding in the Plaintiffs' opening statement, the Huffmans have waived the right to challenge it on appeal. *See Marbled Murrelet v. Babbitt,* 83 F.3d 1060, 1066 (9th Cir.1996) (citation omitted).

 The Huffmans' challenge to the punitive damages award is without merit. The district court did not abuse its discretion in holding that the award of punitive damages was not excessive after it had already reduced it by one half to $550,000. *See BMW of North America v. Gore,* 517 U.S. 559, 568–69, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The Huffmans' argument that Bruce Huffman's mental problems should have mitigated the award was not raised below, and we will not consider it here. *Brady v. United States,* 211 F.3d 499, 504 (9th Cir.), *cert. denied,* — U.S. ——, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000).

The district court's award of non-economic damages was supported by sufficient evidence and was not unwarranted.

The district court did not abuse its discretion in permitting Plaintiffs to argue that Bruce Huffman was trying to collect a non-existent debt, or in permitting Plaintiffs to argue that Bruce Huffman's chosen method of service of summons and complaint was not intended to inform DeMendoza of the action against him.

AFFIRMED