**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JAMES MICHAEL MURPHY, MD,

Plaintiff-Appellant,

v.

HANNAH DOCKERY-MOSEBACH;
UNITED STATES OF AMERICA,

Defendants-Appellees.

No. 22-35392

D.C. No. 3:21-cv-01045-IM

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted May 29, 2024**

Before:     FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

James Michael Murphy appeals pro se from the district court's judgment dismissing his action alleging state law tort claims against Dockery-Mosebach and the United States, which substituted itself as a defendant pursuant to 28 U.S.C. § 2679(d). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1105 (9th Cir. 2021). We affirm.

The district court properly dismissed Murphy's claim for wrongful initiation of civil proceedings because Murphy failed to allege facts sufficient to show that Dockery-Mosebach commenced the adversary proceeding in Murphy's bankruptcy case without probable cause or with malice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Alvarez v. Retail Credit Ass'n of Portland, Or., Inc.*, 381 P.2d 499, 501 (Or. 1963) (elements of a wrongful initiation of civil proceedings claim under Oregon law).

The district court did not abuse its discretion by dismissing Murphy's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that denial of leave to amend is proper if amendment would be futile).

In light of our disposition, we do not consider any of Murphy's remaining contentions.

**AFFIRMED.**