No. 457          June 26, 2024          549

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Timothy C. ROTE,
*Plaintiff-Appellant,*
*v.*
Max ZWEIZIG,
*Defendant-Respondent,*
*and*
JOHN DOES (1-5),
*Defendant.*

Clackamas County Circuit Court
22CV17744; A181660

Leslie M. Roberts, Judge.

Submitted May 15, 2024.

Timothy C. Rote filed the briefs *pro se*.

Chase A. S. Beguin and Cauble & Whittington, LLP, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Jacquot, Judge, and Kistler, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Plaintiff appeals a judgment dismissing his claim against defendant for wrongful use of a civil proceeding. In his sole assignment of error, plaintiff contends that the trial court erred in granting summary judgment for defendant and should have allowed the claim to proceed to trial. For the following reasons, we affirm.

In 2019, defendant, who had an outstanding million-dollar judgment against plaintiff, brought a civil action against plaintiff, plaintiff's wife, and an entity that plaintiff controls, alleging that they had fraudulently transferred three real properties and seeking to collect against those properties. That action proved unsuccessful. After defendant's claims were dismissed on summary judgment, plaintiff filed this action, alleging wrongful initiation of a civil proceeding. To succeed on that claim at trial, plaintiff would need to prove (1) defendant's commencement and prosecution of a judicial proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) absence of probable cause to prosecute the action; (4) existence of malice; and (5) damages. *SPS of Oregon, Inc. v. GDH, LLC*, 258 Or App 210, 218, 309 P3d 178 (2013). Defendant moved for summary judgment based on the third and fourth elements. As to the third element, to establish an absence of probable cause for the 2019 action, plaintiff would need to prove that defendant lacked "an objectively reasonable, subjective belief that the claim ha[d] merit." *Id.* As to the fourth element, to establish the existence of malice, plaintiff would need to prove "the existence of a primary purpose other than that of securing an adjudication of the claim." *Id.* at 219 (internal quotation marks omitted).

The trial court granted defendant's motion for summary judgment, based on the lack of legally sufficient evidence to prove malice. We review that ruling for errors of law. *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021). Viewing the summary judgment record in the light most favorable to plaintiff, we must determine whether "no objectively reasonable juror could return a verdict for [plaintiff] on the matter that is the subject of the motion for summary judgment." ORCP 47 C.

Plaintiff contends that the evidence in the summary judgment record was legally sufficient to prove malice because it was legally sufficient to prove the absence of probable cause, and malice may be inferred from the absence of probable cause. We disagree. As the Supreme Court has explained, "It is clear that the law does not presume malice from want of probable cause. If it did, there would be no need for a plaintiff to plead malice as a separate element of his cause of action." *Alvarez v. Retail Credit Ass'n*, 234 Or 255, 264, 381 P2d 499 (1963). At the same time, "the law will permit the jury to draw an inference of malice in most cases where a want of probable cause is found." *Id*. Whether malice may be inferred in a given case depends on whether it requires an impermissible stacking of inferences. *Id*. at 264-65.

That was the case in *Alvarez*. The defendant in *Alvarez* brought a collection action against the plaintiff and, after a time, voluntarily dismissed it without explanation. *Id*. at 259. The plaintiff subsequently filed an action for wrongful use of a civil proceeding and prevailed at trial. *Id*. at 258. The Supreme Court reversed, holding that the defendant should have been granted a directed verdict. *Id*. at 266. The Supreme Court concluded that, although the defendant's voluntary dismissal of the original action without explanation would allow the jury to infer the absence of probable cause, allowing the jury to rely on that inference to then in turn infer malice would result in an impermissible "pyramiding" of inferences and "turn the jury loose to engage in sheer guesswork." *Id*. at 265. For the malice element to go to the jury, the plaintiff needed "some other direct or circumstantial evidence to support the inference of malice," beyond the voluntary dismissal. *Id*. In other words, the voluntary dismissal was enough to support the first inference, an absence of probable cause, but not enough to "support the second inference, that the defendant acted with improper motives." *Id*.

The same is true here. Even assuming *arguendo* that it is reasonable to infer an absence of probable cause based on the history and outcome of the 2019 litigation,[1] it

---

[1] The trial court suggested that there might be enough evidence for the probable-cause element to go to the jury. It observed that defendant's claims in the "collection actions" were resolved in plaintiff's favor and stated that "arguably, we

would be a bridge too far to allow an inference of malice. It bears emphasis that the existence of malice is a separate element from the absence of probable cause. A person might subjectively believe that his claim has merit, but objectively be wrong, in which case there would be an absence of probable cause but no malice. Or a person might recognize that his chances of prevailing on a claim are slim but nonetheless want to pursue that slim chance, motivated by optimism rather than malice, in which case there might be an absence of objective probable cause but no malice. In this case, like in *Alvarez*, without some direct or circumstantial evidence to support an inference of malice, beyond the outcome of the 2019 litigation, it would require impermissible speculation for a jury to infer that defendant's primary purpose in pursuing the litigation was something other than securing an adjudication of the claims.

Plaintiff argues that the summary judgment record does contain other evidence of malice, including evidence regarding the positions that defendant took during the 2019 litigation, which plaintiff views as unreasonable, and evidence that defendant dislikes plaintiff based on their history and views plaintiff as a "rich person" who needs to be held legally accountable for his conduct. While some of the evidence to which plaintiff points could support the inference of an absence of probable cause, we disagree that it is enough to also give rise to an inference of malice.[2]

---

can argue or someone can argue about probable cause." For present purposes, we assume that there was sufficient evidence for plaintiff's claim to survive summary judgment on the probable-cause element and limit our discussion to the malice element, which was the element on which the trial court granted summary judgment. In doing so, we note that we are not accepting plaintiff's issue preclusion argument, which we find unpersuasive. The grant of summary judgment for the defendant on a fraud claim does not amount to a finding that the plaintiff lacked probable cause to bring or maintain that claim. Under the summary judgment standard in ORCP 47 C, there would be no reason to make such a finding and, in any event, such a finding would not be essential to the summary judgment ruling. *See Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993) (one of the requirements for issue preclusion is that the issue must have been actually litigated and essential to a final decision on the merits in the prior proceeding).

[2] Like his complaint, plaintiff's appellate arguments focus on the action that defendant filed in state court in 2019. To the extent that plaintiff also relies on a federal action filed by defendant, plaintiff has not meaningfully developed that argument, so we limit our discussion to the 2019 state action.

We therefore conclude that the trial court did not err in granting summary judgment on plaintiff's claim, based on the lack of legally sufficient evidence of malice.

Affirmed.