## McMAHAN *versus* ARMSTRONG.

1. A defendant to an action for malicious prosecution, has a right to show, (as proof of probable cause,) what evidence was given, on the prosecution, even though such evidence was given by himself alone.

Armstrong commenced an action for malicious prosecution, against McMahan, in Lawrence Circuit court. The prosecution alleged to have been malicious, was upon a charge of perjury. The defendant was committed by the examining magistrate, but was afterwards discharged on a writ of *habeas corpus.*

A bill of exceptions, sealed in the cause, presented the question to this court, whether the court below erred in rejecting testimony, offered as proof of probable cause, by the defendant below, of the evidence which had been given on the prosecution. It appeared that the only testimony given on the commitment of the defendant in error, was that of the plaintiff in error; and on that ground, the court rejected evidence of its character.

*Goldthwaite* and *Ormond,* for plaintiff—*Ellis* and *Hopkins, contra.*

TAYLOR. J.—This was an action for a malicious prosecution. It appears, a warrant was issued by a justice of the peace, at the instance of the plaintiff in error, against the defendant, charging the offence of perjury; that the defendant was arrested, and brought before the justice for examination, when the prosecutor, and he alone, was sworn as a witness. After the examination, the defendant was committed to jail by

the justice.　Subsequently, he was brought before the judge of the county court, by writ of *habeas corpus*, and discharged.　Here the prosecution terminated.

A bill of exceptions was tendered to, and signed by the judge who presided below, which is in the words following : " the defendant offered to prove by other witnesses, what he, as the prosecutor, and only witness, swore to before the examining magistrate ; but the court refused to admit such testimony ; to which opinion of the court, rejecting such evidence, the defendant excepts," &c.

This court is to determine whether the opinion excepted to, is erroneous or not.　Were the question of the admissibilty of the defendant's testimony, in cases of this kind, a new one, or did the decisions which have been made upon it, appear unreasonable, it would be proper for us to sustain ourselves, by giving at length, the reasons which have brought us to the conclusion to which we have come.　But as frequent and uniform decisions on the question have been made in England and the United Stares, and we are satisfied of their correctness, it is only necessary to refer to the law, as it is thus established, in a succinct manner.

*Buller*, in his *Nisi Prius*, 14, gives the doctrine in these words : " It is advisable for the defendant to give proof of a probable cause, if he be capable of doing it ; and for this purpose, proof of the evidence given by the defendant, on the indictment, is good."

In the case of *Guerrant* v. *Tinder*,[a] which was the same kind of action—Judge *Roane* says, " the plaintiff in this case, having given evidence at the trial, of certain conversations of the defendants, relative to the

[a] Virg. Rep. 36.

facts whereon the prosecution for felony was founded, with the view to impute malice to them, it was competent for them for the purpose of obviating that imputation, to show as well what they actually swore before the magistrate, as the manner and circumstances thereof. This is emphatically the opinion of the court, because, regularly, in an action for a malicious prosecution, the plaintiff ought himself to give evidence of what was sworn on the trial."

In the case of *Moody* vs. *Pendor*,[a] the same doctrine is maintained. In fact the authorities are unbroken on the subject, not even a *dictum* can be produced to the contrary. Were a different decision to be made, it would discourage prosecutions to an alarming extent. Numerous are the cases in which there is no witness but the prosecutor, and in which there is no conviction, though the evidence plainly shows probable cause for the prosecution. If this evidence is to be withheld from the jury on a trial for malicious prosecution, dangerous would be the situation of such a prosecutor, and great the temerity of a man who would risque being placed in it.

[a] 2 Hayw. N. C. Rep. 36.

It is objected, however, by the counsel for defendant in error, that it does not appear but that the matter sworn to before the justice, was in writing, nor but that it was intended to prove the *substance* of what was sworn to, instead of the language used.

If there was any thing before the court to show that there was higher evidence of what was offered to be proved orally, the bill of exceptions should have stated it; as it does not, we must believe the counsel did not so far depart from their duty as to omit that which was so material; and it would be, if possible, a still more forced inference to suppose it was

intended to make the proof offered, in an illegal manner.

It is also insisted that to authorise the introduction of the proposed testimony, the court should have been informed of what the defendant did swear to before the justice, that the competency of the evidence should have appeared; and that the testimony was probably not received because this was not done.

The court was informed that the defendant wished to prove what he had sworn before the justice, in order to show probable cause, or the absence of malice. It has rightfully been replied by the counsel for the plaintiff in error, that he had a right to do this, no matter what that testimony might have been. It was an after inquiry what effect the evidence should have upon the verdict of a jury. Unless the prosecution had been influenced by malice, accompanied with the want of probable cause, there could be no recovery. It is difficult to conceive of any testimony which he could have given before the justice, which would be of a nature to exclude it from the jury on the trial of this suit below: it must have tended either to prove or disprove the malicious intention.

It is perfectly apparent, either to a superficial or close observer, that the opinion of the court below was, that evidence of what the defendant swore in the prosecution, was incompetent. That the manner in which that evidence was proposed to be proved, or its particular nature, had no influence upon the decision; but it was the source from which it emanated, that was thought to vitiate it.

As regards the court before which the prosecutor was sworn, it can make no difference. The justice, in this instance, formed an examining court, the cause

was never before a higher tribunal, and it is the prosecution before the justice, which is alleged in the declaration, to have been malicious, and without probable cause. It follows necessarily that if the testimony of a defendant, given in a court of record upon a trial there, would be competent, the testimony given before the examining justice, in this case, was equally so.

The nature of the offence charged to have been committed, can make no difference. It is not the guilt of the prosecuted, but the intention of the prosecutor, which is the subject of examination in this action.

It follows that the court below erred : the judgment is therefore reversed, and the cause remanded.