[Filed June 24, 1886.]

## DAVID L. GEE *v.* M. F. CULVER.

MALICIOUS PROSECUTION—MALICE.—Malice, in the enlarged sense of the law, is not restricted to anger, hatred, and revenge, but includes every unlawful and unjustifiable motive. And in an action for malicious prosecution any motive, other than that of simply instituting a prosecution for the purpose of bringing a party to justice, is a malicious motive.

SAME—ACTUAL AND IMPLIED MALICE—QUESTION FOR JURY.—In actions for malicious prosecution, there is no such thing as implied malice, but malice in fact must be proved, and its existence is purely a question of fact for the jury, but such malice may be inferred from any improper or unjustifiable motives which the facts disclose influenced the conduct of the defendant in instituting the prosecution. And the act itself, with all the surrounding facts and circumstances, may be inquired into for the purpose of ascertaining such motive.

SAME.—It is not the guilt of the prosecuted, but the intention of the prosecutor, which is the subject of examination in this action.

SAME—EVIDENCE—REPUTATION OF PLAINTIFF—PROBABLE CAUSE.—In an action for malicious prosecution, the defendant may prove the general bad reputation of the plaintiff, both to rebut the proof of want of probable cause, and in mitigation of damages.

MULTNOMAH COUNTY. Defendant appeals. Reversed and new trial ordered.

*A. H. Tanner* and *C. H. Carey*, for Appellant.

*O. P. Mason*, for Respondent.

LORD, J. This is an action for malicious prosecution. The complaint is in the ordinary form. The answer denies that the prosecution was instituted maliciously or without probable cause. The case was in this court on appeal at the last term, and was reversed for error of the court below in giving certain instructions excepted to by the appellant.

It appears by the bill of exceptions that the court, after having instructed the jury as to what would constitute probable cause, and that both want of probable cause and malice must concur before the action can be maintained, gave the jury the following instruction: "It is not necessary that there should have been any spite or hatred, or bad feeling on the part of the defendant toward the plaintiff to constitute malice, but any wrongful act done intentionally, tending to injure another without just cause or excuse, is malicious." Which was excepted to by the defendant, and constitutes the main ground of error relied upon for reversal.

A recurrence to definition will aid in testing the correctness of this instruction. What is meant by malice in the sense of the law? Malice in common acceptation means ill-will against a person; but in its legal sense, it means a wrongful act done intentionally without just cause or excuse. (*Bromage* v. *Prosser*, 4 Barn. & Cress. 255.) Chief Justice Shaw defined it thus: "Malice, although in its popular sense it means hatred, ill-will, or hostility to another, yet in its legal sense, has a very different meaning, and characterizes all acts done with

an evil disposition, a wrong or unlawful motive or purpose; the willful doing of an injurious act without lawful excuse." (*Commonwealth* v. *York*, 9 Met. 104.) Judge Story thus: "Malice, in the sense of the law, does not necessarily presuppose in a party personal hatred or a revengeful spirit against the party injured. It is sufficient, to constitute it a malicious act, that it is wrongfully and willfully done, with a consciousness that it is not according to law or duty." (*Wiggin* v. *Coffin*, 3 Story, 7.) Hence it is said that the intentional doing of a wrongful act with knowledge of its character, and without cause or excuse, is malicious. (*Rounds* v. *Delaware etc. R. R. Co.*, 3 Hun, 335.) It imports nothing more than the wicked and perverse disposition with which the party commits the act. (*Commonwealth* v. *York*, *supra*.) But it need not imply malignity, nor even corruption, in the appropriate sense of these terms. Any improper motive constitutes malice in the sense it is here used. (*Culbertson* v. *Cabeen*, 29 Tex. 256.) "The malice necessary to be shown, in order to maintain this action (malicious prosecution) is not necessarily revenge, or other base and malignant passion. Whatever is done willfully and purposely, if it be at the same time wrong and unlawful, and that known to the party, is in legal contemplation malicious. That which is done contrary to one's own conviction of duty, or with a willful disregard of the rights of others, whether it be to compass some unlawful end, or some lawful end by unlawful means, or in the language of the charge, to do a wrong and unlawful act, knowing it to be such, constitutes legal malice. (*Wills* v. *Noyes*, 12 Pick. 327.) Malice, then, in the enlarged sense and meaning of the law, is not restricted only to anger, hatred, and revenge, but includes every other unlawful and unjustifiable motive. So that it may be said that any motive, other than that of sim-

ply instituting a prosecution for the purpose of bringing a person to justice, is a malicious motive on the part of the person who acts under the influence of it. So much with reference to definition, or to what is meant by the term "malice" or "malicious" in the legal sense.

But the term "malice" has in law a twofold significa- tion. There is what is known as malice in law, or im- plied malice, and malice in fact, or actual malice. Malice in law denotes a legal inference of malice from certain facts proved. It is a presumption of malice which the law raises from an act unlawful in itself which is injuri- ous to another, and is declared by the court. Malice in fact, or actual malice, relates to the actual state or con- dition of the mind of the person who did the act, and is a question of fact upon the circumstances of each par- ticular case to be found by the jury. In actions for mali- cious prosecution, there is no such thing as malice in law, but malice in fact must be proved, and its existence is purely a question of fact for the jury. (*Ritchey* v. *Davis*, 11 Iowa, 124.) But in this form of action, malice is not considered in the sense of spite or hatred against an individual, but of *malus animus,* and as denoting that the party is actuated by improper and indirect motives. (*Mitchell* v. *Jenkins,* 5 Barn. & Adol. 594.) To prove actual malice, it is not necessary, therefore, that the prosecution complained of should proceed from hatred or ill-will to the plaintiff; but it may be inferred from any improper and unjustifiable motives which the facts disclose influenced the conduct of the defendant in insti- tuting the prosecution. "But it is well established," said Libby, J., "that the plaintiff is not required to prove express malice in the popular signification of the term, as, that defendant was prompted by malevolence, or acted from motives of ill-will, resentment, or hatred towards the plaintiff. It is sufficient if he prove it in its enlarged

sense. "In a legal sense, any act done willfully and purposely to the prejudice and injury of another, which is unlawful, is, as against that person, malicious." (*Commonwealth* v. *Snelling*, 15 Pick. 327.) "The malice necessary to be shown in order to maintain this action is not necessarily revenge, or other base or malignant passion. Whatever is done willfully and purposely, if it be at the same time wrong and unlawful, and that known to the party is, in legal contemplation, malicious: *Wills* v. *Noyes*, 12 Pick. 324." (*Pullen* v. *Glidden*, 66 Me. 202; see also *Page* v. *Cushing*, 38 Id. 523; *Humphries* v. *Parker*, 52 Id. 502; *Mitchell* v. *Wall*, 111 Mass. 492.) While it is true that express or actual malice refers or relates to the mental state or purpose of the party who committed the act, and its existence must be proved, the law does not require direct evidence of such mental state or purpose; but the character of the act itself, with all its surrounding facts and circumstances, may be inquired into for the purpose of ascertaining the motive or purpose which influenced the mind of the party in committing the act, and if, upon a full consideration of these, that motive is found to be improper and unjustifiable, the law authorizes the jury to find it was malicious.

If, for instance, an officer should arrest a party, not out of spite, or any spirit of hatred or revenge, but for the purpose of increasing his fees, or magnifying his importance and administering to his vanity, the motive which prompted such conduct would be improper and wrongful, and in a legal sense malicious. In this form of action, therefore, malice has reference to the mind and judgment of the defendant in the particular act charged, and is one of intent, and open to the jury. (*Barron* v. *Mason*, 31 Vt. 197.) It is not the guilt of the prosecuted, but the intention of the prosecutor, which is the subject of examination in this action. (*MacMahan*

v. *Armstong*, 2 Stew. & P. 154; S. C., 23 Am. Dec. 304.) And what that intention was, whether malicious or justifiable, is for the jury, and not for the court, to infer from the facts and circumstances of the case. In a word, whether the defendant acted with malice is never a legal presumption, whatever may be the facts, but is always a question for the consideration of the jury.

The appellant, upon the trial of the action, called as a witness T. H. Hill, and asked him to state "whether or not he was acquainted with the general reputation of the respondent for honesty and integrity in the community where he resided on or about the twenty-ninth day of December, 1883," to which question the counsel for the respondent objected on the ground that it was incompetent and irrelevant. The court sustained the objection, and the defendant excepted. This is also assigned as error. After making such ruling, the court stated that it would permit the defendant to show what "the plaintiff's general reputation was as to his being a violator of the law about the time the arrest complained of was made." This arrest was for embezzlement. The object of the inquiry, as suggested by the question, was apparent and prop.r. Mr. Sutherland says: "According to the later authorities, the defendant may prove the general bad reputation of the plaintiff, both to rebut the proof of want of probable cause and in mitigation of damages." "The same facts which would raise a strong suspicion in the mind of a cautious and reasonable man against a person of notoriously bad character for honesty and integrity, would make a slighter impression if they tended to throw a charge of guilt upon a man of good reputation." (3 Sutherland on Damages, 708, and authorities cited in note.)

The judgment must be reversed, and a new trial ordered.