Argued March 12, reversed March 31, rehearing denied April 21, 1914.

# KELLOGG *v.* FORD.

(139 Pac. 751.)

**Malicious Prosecution—Actions—Question for Jury.**

1. In an action for malicious prosecution by a complaint charging plaintiff with willfully, wrongfully and maliciously injuring defendant's property and breaking the window of the door of his house, the trial court erred in leaving to the jury the question whether the complaint charged a violation of Section 1979, L. O. L., making the willful breaking of glass in a building a misdemeanor, or of Section 1969, making malicious destruction of personal property a felony.

**Malicious Mischief—Complaint—"Of"—"In."**

2. In a complaint charging one with wrongfully, unlawfully and maliciously injuring another's property and breaking the window of the door "of" his house, the use of the word "of" instead of "in," as used in Section 1979, L. O. L., making the offense of willfully breaking the glass "in" a building not his own a misdemeanor, is immaterial; the words being synonymous in this connection.

**Malicious Mischief—Complaint—"Malice."**

3. That a criminal complaint used the words "wrongfully, unlawfully, and maliciously," instead of the word, "willfully," used in Section 1979, L. O. L., making it a misdemeanor to "willfully" break the glass in a building, is immaterial; the word "malice" defined by the Code as a wish to vex, annoy or injure another person, being broader than "willfully," and necessarily including it.

> [As to what is malicious mischief, see note in 128 Am. St. Rep. 163. As to what is necessary to support an action for malicious prosecution, see notes in 12 Am. Dec. 265; 26 Am. St. Rep. 127.]

**Malicious Prosecution—Actions—Instructions.**

4. Malice may be inferred from want of probable cause, but it is never an inference of law, but it is a fact for the jury in determining the question of malice.

> [As to the definition of "malice," see notes in 15 Am. St. Rep. 337; 26 Am. St. Rep. 150.]

**Trial—Instructions—Singling Out Facts.**

5. It is error to single out a certain fact or circumstance and instruct the jury as to the single inference to be deduced therefrom to the exclusion of other facts.

From Marion: PERCY R. KELLY, Judge.

Department 2. Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action by Harvey Kellogg against Frank M. Ford, for malicious prosecution. The complaint alleges:

"On the 5th day of July, 1912, in the City of Salem, county of Marion, State of Oregon, defendant, Frank M. Ford, willfully, maliciously, and for the unlawful purpose of injuring plaintiff, and without probable cause therefor, or without any cause whatsoever, went before D. Webster, justice of the peace for Salem District, County of Marion, State of Oregon, and then and there verified a criminal complaint in said Justice's Court, wherein and whereby he falsely, willfully, and maliciously accused plaintiff of the crime of willful and malicious destruction of personal property, a felony under the statutes of the State of Oregon, and wrongfully and willfully and maliciously caused said criminal complaint to be filed of record in said court, to the great and irreparable injury and damage of this plaintiff."

Then follow allegations of the plaintiff's arrest, trial and acquittal.

The defendant answered admitting the filing of the complaint and denying the allegations of malice and want of probable cause, and pleaded the following facts in justification of the arrest:

"That on and prior to the 4th day of July, 1912, defendant was, ever since has been, and is now, the owner of a farm about six miles north of the city of Salem, and in Marion County, Oregon, on which farm defendant has a dwelling-house. * * That on said 4th day of July, 1912, defendant was away from his said farm until late in the evening, and upon returning thereto he found the glass of the door in his said house broken and the walls, floor, and furniture smeared with blood. * * That he was informed by Henry Rhinehart and Bud Kerby, who defendant alleges are truthful men, and who were at defendant's house when the injury thereto was done; that said injuries to defendant's house had been wrongfully and purposely done on said 4th day of July, 1912, by the plaintiff, who then intending wrongfully to enter defendant's house, and finding the door thereof locked, broke the window thereof purposely, and in doing so severely cut

his hand, and thereafter plaintiff smeared the blood flowing from his said wound over the walls, floor, and furniture of the said dwelling-house, requiring great labor and expense to efface the same; and the defendant believed that the statements and information given him by the said parties were true, and relying thereon, and acting in good faith and with a purpose of enforcing public justice, and having reasonable grounds therefor, and not otherwise, appeared before the said D. Webster, as justice of the peace for Salem district, and stated the said facts truthfully to the said Webster, who thereupon on the 5th day of July, 1912, made out and prepared a formal, criminal complaint against the said Harvey Kellogg, wherein and whereby the said Harvey Kellogg was charged with wrongfully, unlawfully and maliciously injuring defendant's property, and breaking the window of the door of his house, a misdemeanor under the statute, and the said defendant thereupon signed and swore to the said complaint.''

The court instructed the jury that the complaint in the criminal case was ambiguous, and left it to the jury to determine whether it charged plaintiff with malicious injury to personal property, made a felony under Section 1969, L. O. L., or with willfully breaking the glass in a building, which is made a misdemeanor under Section 1979, L. O. L. The court, over the objection of defendant's counsel, gave the following instruction:

''If it appear that there was a want of probable cause on the part of defendant, there is an inference which may be drawn therefrom of malice. This is not a conclusive inference, but a disputable one, and may be overcome by the other evidence in the case.''

The plaintiff had a verdict, and defendant appeals.

REVERSED.

For appellant there was a brief over the names of *Mr. Woodson T. Slater* and *Mr. Myron E. Pogue,* with oral arguments by *Mr. Slater* and *Mr. John A. Carson.*

For respondent there was a brief and an oral argument by *Mr. Walter C. Winslow.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. The court erred in leaving the construction of the criminal complaint to the jury. It would have been a good complaint under Section 1979, L. O. L. which makes the offense of willfully breaking the glass in a building not his own a misdemeanor.

2. It is true that the complaint uses "of," while the statute uses "in"; but in the connection here used the words are synonymous: *Ivey* v. *State,* 112 Ga. 175 (37 S. E. 398); *Queen* v. *Toke,* 8 Ad. & E. 227; *Lachaise* v. *Marks,* 4 E. D. Smith (N. Y.), 610. It is dividing a hair "betwixt the south and southwest side" to say that the complaint might apply to a glass door or window which had been taken off its hinges and removed from the building. The plain intent and meaning of the complaint was to charge the defendant with breaking the glass in a door then in place in the house, and not in one separate from it.

3. The criminal complaint also uses the words "wrongfully, unlawfully, and maliciously," instead of the words "willfully" or "wantonly," used in the statute; but the code defines "malice" to be a "wish to vex, annoy, or injure another person." It is a broader term than "willfully," and necessarily includes it. It was a good complaint under Section 1979, L. O. L., and would have been subject to general demurrer under Section 1969. The court should have construed it and instructed the jury as to its legal effect.

4. The instruction as to the inference that might be drawn from evidence showing want of probable cause was misleading and therefore erroneous. While it is true that malice may be inferred from want of probable cause, it is not a necessary inference and is never

an inference of law. Want of probable cause is a fact to be considered by the jury with other facts in determining the presence or absence of malice: *Gee* v. *Culver,* 12 Or. 228 (6 Pac. 775).

5. It is error for the court to single out a certain fact or circumstance and instruct the jury as to the legal inference to be deduced from that particular fact to the exclusion of other facts: *Stanley* v. *Smith,* 15 Or. 505 (16 Pac. 174); *State* v. *Pomeroy,* 30 Or. 16 (46 Pac. 797); *Patterson* v. *Hayden,* 17 Or. 238 (21 Pac. 129, 11 Am. St. Rep. 822, 3 L. R. A. 529); *Heldt* v. *Webster,* 60 Tex. 207; *Biering* v. *Bank,* 69 Tex. 599 (7 S. W. 90). The case last cited was similar to the case at bar. The court observes:

"If there was no evidence upon the question of malice, and the want of probable cause was satisfactorily proven, the jury might, from that alone, infer malice and so find, and their verdict would not be disturbed; but we do not believe the court would be authorized to charge the jury that 'they may infer malice from want of probable cause.'"

How a verdict for plaintiff was arrived at in the case at bar is a mystery. Not only was there no evidence to negative want of probable cause, but the evidence seems clear and convincing that, from statements made to defendant by reliable and impartial persons, he or any reasonable man would have had ample cause to believe the plaintiff guilty of the offense charged against him.

The judgment is reversed and a new trial ordered.

REVERSED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.