Argued June 16, affirmed August 13, petition for rehearing
denied September 8, petition for review denied November 4, 1970

STATE OF OREGON, *Respondent, v.*
VERNON LEROY PLANCK, *Appellant.*
473 P2d 694

*Gary D. Babcock*, Public Defender, Salem, argued the cause and filed the brief for appellant.

*Donald R. Blensly*, District Attorney, McMinnville, argued the cause for respondent. With him on the brief was Allyn E. Brown, Deputy District Attorney, McMinnville.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

Defendant was indicted for the crime of assault with a dangerous weapon, ORS 163.250, and convicted by a jury therefor. He appeals, asserting three assignments of error. We consider them in order.

The first arises from the admission into evidence of a holster and portions of a pistol frame. A brief statement of the relevant facts is necessary to its understanding.

In the early morning hours a Mr. Burcham and a friend were driving along a public street in McMinnville. Mr. Burcham was operating the car. A car driven by the defendant drew alongside. The defendant had a revolver resting on his arm and pointed it at Mr. Burcham. The latter ducked down and slammed on his brakes. He then rapidly turned his car around. As he did so the defendant also stopped his car, got out, aimed the gun at the Burcham car and fired it once. No one was hit, nor was the car. Mr. Burcham at a high rate of speed drove directly to the police station, pursued by the defendant at speeds up to 70 miles per hour. There he entered the station to report the occurrence. The defendant drove on, turning left, and disappeared from view. The foregoing facts,

including the identity of the defendant, who was personally known to Burcham and to his passenger as well as to the McMinnville police, were promptly related by Burcham to the night dispatcher, together with a description of the defendant's car. The dispatcher by radio relayed the information to the night patrol car on duty, including the manner and speed in which defendant's vehicle had been operated.

Meanwhile defendant's vehicle was observed in the apparent commission of a violation of a local traffic regulation by a patroling city police car. Defendant executed a U-turn and traveled rapidly out of the city, pursued by another police patrol car alerted by two-way radio. While in pursuit the officer learned from the central dispatcher that the driver of the car he was pursuing was believed to be armed and had fired at Mr. Burcham, who by then had finished lodging his complaint to the dispatcher at the station house.

The pursuing police car was unable to overtake defendant's vehicle, and in fact was unable at all times to keep it in view. A relatively short distance beyond the city limits, however, while still in pursuit, the officer discovered the car in the ditch and the defendant on an embankment a short distance away. The defendant was arrested. No gun was found on him or in his car. The time was shortly after 3 a.m. on a winter morning, and the shoulders of the road were covered with considerable ice and snow.

The night dispatcher came off duty at about 8:20 in the morning and being fully aware of the exact route the defendant had taken leaving the city, traversed it. While so doing she observed a holster lying on the road. A search by officers carried out immediately in the area also revealed a pistol frame con-

taining one fired and two unfired shells. Both the holster and the pistol frame were offered and received as evidence. The defendant duly objected to each on the ground neither was connected up with the defendant. His first assignment challenges the admission of each.

In *State v. Thompson*, 228 Or 496, 364 P2d 783 (1961), the Supreme Court said:

"Admittedly, cases involving weapons found on or about a defendant when arrested and which cannot be identified as the actual weapon with which the crime charged had been committed present difficult questions of admissibility. In the absence of any direct or indirect evidence of identity or similarity it may become a problem of the time and place where the accused is apprehended and weapons found in respect to the time and place of the crime committed, or, it may be that evidence of some unique character of the weapon which might have been used to commit the crime in respect to the weapon found upon one accused of the crime would render it admissible. Thus a gun taken from the hand of a person found standing over a murdered victim would be admissible even though no other identification was available. Or in the more usual situation when an accused has been observed secreting a weapon or attempting to throw away a weapon in flight the connection between the weapon and the crime is definite." 228 Or at 501.

Anderson, in Wharton's Criminal Evidence, states:

"In order to establish the relevance and materiality of real evidence, it must in some manner be connected with the perpetrator or victim of the crime or with the crime itself. It follows that in order to justify the admission of this evidence, its identity must be shown to be that of the article or substance which it purports to be and that the

character of such article or substance must be as purported.

"It is not necessary that such identification should positively and indisputably describe and relate to such evidence. If a question of fact as to the connection of the articles sought to be admitted with the defendant or the crime is raised, the evidence should be admitted for the determination of the jury. The lack of positive identification in such a case affects the weight of the article or substance as evidence, rather than its admissibility." 12 Anderson, Wharton's Criminal Evidence 616-17, § 675.

Here the theory of the state was that the defendant, while fleeing the pursuing police car, threw the gun with which he had allegedly assaulted Mr. Burcham from his rapidly moving car.

In *State v. Hancock*, 247 Or 21, 426 P2d 872 (1967), the Supreme Court stated:

"The rule is well-established that the admissibility of demonstrative evidence is generally a matter within the discretion of the trial court.

"In criminal cases:
" 'Objects may be admitted in evidence which the defendant had thrown away, or which had been thrown from the room or building, or the vehicle in which the defendant was present.' " 247 Or at 24.

In *State v. Sack*, 210 Or 552, 300 P2d 427 (1956), appeal dismissed and cert den 353 US 962, 77 S Ct 1048, 1 L Ed 2d 912 (1957), the court said at 581:

"* * * Circumstantial evidence is not limited to proof in the first instance of certainty. Evidence is relevant and admissible if it shows possibility, capacity, probability, or certainty. * * *"

Here there was direct evidence, received without objection, that the defendant had had a pistol or re-

volver in his possession at least twice in the months before of the same general appearance as the one received. The defendant in his case-in-chief offered evidence from a friend that acknowledged his possession of such a weapon on the earlier occasions but sought to explain it away as having been loaned to him by that friend, who testified he had subsequently sent the gun to a brother living outside the state, who had not returned it to him.

■ We think the holster and pistol frame were sufficiently connected up in time and location to the offense and to the use by the defendant in connection therewith to warrant their receipt under the foregoing rules. The objection as to each was properly overruled.

The arresting officer, Gilson, testified over objection as hearsay to a communication he received by radio from the dispatcher while he was in pursuit of defendant's vehicle, "that the operator, Mr. Planck, has fired a shot at a complainant who was in the station at that time." This ruling is the second assignment of error.

Prior to his testimony, the dispatcher had testified without objection:

"Q   Did you make any radio transmission as a result of this complaint by Mr. Burcham of Mr. Planck?

"A   Yes.

"Q   To whom did you make your transmissions?
"A   Officer Gilson.

"Q   Is that Phillip Gilson?
"A   Right.

"* * * * *

"Q What transmission did you give to Officer Gilson at that time?

"A I told Officer Gilson that Mr.—the subject he was pursuing had shot at the subject complaining in the office."

The record is silent concerning the content of the discussion between court and counsel which preceded the court's ruling. Elsewhere, however, in the earlier testimony of the dispatcher, the record concerning communication by the dispatcher to the officer shows:

"MR. BRAND: Again, these are not offered in an attempt to prove the fact Mr. Planck shot at Mr. Burcham; just that Mrs. Mitchell [the dispatcher] transferred the information to the officer."

Throughout the trial the defense sought to establish that the McMinnville police had been engaged in carrying on an harassment of the defendant for some time and that this was an important factor leading to his pursuit and arrest because of a minor traffic violation. It was relevant then for the state to show the existence of probable cause for the arrest of the defendant outside the city by Officer Gilson under ORS 133.310 (3) which authorizes an officer to arrest without a warrant,

"When a felony has in fact been committed * * * and he has reasonable cause for believing the person arrested to have committed it * * *."

The nature and content of the communication he received from the dispatcher was a relevant factor in determining the existence of the required reasonable cause.

In *Marr v. Putnam*, 213 Or 17, 321 P2d 1061 (1958), the Supreme Court said:

"The exclusionary force of the hearsay rule is not applicable when the extra-judicial statement of

a third person is not offered to prove the truth of the utterance, but only to show that the statement was made. Where the mere fact that the statement was made is independently relevant, regardless of its truth or falsity (as, for example, to show the state of mind of the declarant, where that fact is in issue), such evidence is admissible. Wigmore on Evidence, 3d ed, § 1789; 20 Am Jur 404, Evidence § 457; 31 CJS 988, Evidence § 239; see *Wayne v. Huber*, 134 Or 464, 503, 291 P 356, 294 P 590, 79 ALR 1427." 213 Or at 25.

■ The challenged testimony of Officer Gilson was correctly received. The objection was without merit.

■ The last assignment challenges receipt of a less than unanimous verdict. Here eleven jurors agreed on the guilty verdict. A unanimous verdict is not required. *State v. Gann*, 254 Or 549, 463 P2d 570 (1969).

The judgment is affirmed.