Argued September 22, affirmed October 2, petition for rehearing denied October 29, petition for review denied November 24, 1970

# STATE OF OREGON, *Respondent, v.* ROBERT JOSEPH MARSHALL, *Appellant.*

474 P2d 787

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

Upon trial by jury the defendant was convicted of Burglary Not in a Dwelling. ORS 164.240. On appeal he contends that the circuit court erred in admitting into evidence a loaded pistol found in the vicinity of the burglary, because it was not connected to the crime for which the defendant was tried.

At approximately 2:30 a.m. on the morning of June 17, 1969, a police officer heard noise coming from the direction of a market. The officer found that a wooden plank had been partially removed from a lean-to which adjoined the market. After calling for assistance, the officer observed the defendant in the area of the lean-to. The officer saw what appeared to be a pistol in the defendant's hand. The officer fired a warning shot and the defendant emerged from the area of the lean-to and was arrested. He had a "prybar" in his hand. The defendant claimed that his car had broken down and that he was in the vicinity of the market looking for a pay phone.

An examination of the lean-to by the officer on the following day resulted in the finding of a .22 caliber automatic pistol wedged behind a metal tank. The pistol had jammed. The pistol was introduced into evidence over objection. No direct evidence was introduced to connect the defendant with the gun. Upon cross-examination, the officer acknowledged that the "pry-

bar" could have been the object observed in the defendant's hand.

■ In prosecuting the crime of "Breaking and entering a structure other than a dwelling," the state must prove specific intent to steal or commit a felony. ORS 164.240. The defendant claimed that he was in the vicinity of the market for the sole purpose of finding a pay phone.

■ The state produced sufficient evidence to enable a jury to conclude that the gun found in the area of the lean-to was the defendant's gun. See *State v. Planck,* 3 Or App 331, 473 P2d 694 Sup Ct *review denied* (1970). An officer testified to seeing what appeared to be a pistol in the defendant's hand on the night of the arrest. The following morning, a pistol was found at the spot where the officer said he saw the defendant with the pistol. The pistol had no dust on it, although the area was generally dusty. The gun was jammed which might explain why it would have been abandoned. This evidence was relevant to negate defendant's claim that he was at the scene for an innocent purpose.

Affirmed.