Argued January 24, reversed and remanded March 16, 1972

SHIPMAN, *Respondent, v.* CITY OF PORTLAND
ET AL, *Appellants.*

494 P2d 896

*Michael E. Clift,* Deputy City Attorney, Portland, argued the cause for appellants. With him on the briefs was Marian C. Rushing, City Attorney, Portland.

*Jack E. Collier,* Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

This is an action for both false imprisonment and malicious prosecution. It was brought by plaintiff, Dennis Lee Shipman, appearing through his guardian ad litem, Herbert Shipman, against city police officer Arthur J. Blanchette[1] and his employer, the City of Portland.[2]

The case arose out of the arrest of the plaintiff by Officer Blanchette and the subsequent filing by that officer of two separate criminal complaints against the plaintiff. Both complaints were prepared by the city attorney following conversations with Officer Blanchette. The first, charging assault and battery, was dismissed on motion of the city attorney. The second, charging assault on a police officer, was dismissed after trial by the municipal court judge. The plaintiff

---

[1] Plaintiff's like claims against another officer, Sims, were dismissed by the court. No appeal therefrom was taken by the plaintiff.

[2] No issue is raised concerning the liability of the City. We therefore do not decide whether the rule of Eagle Point v. Hanscom, 121 Or 40, 252 P 399 (1927), concerning the liability of a city for malicious prosecution has been abrogated by ORS 30.265. *See:* Henke, *Oregon's Governmental Tort Liability Law From a National Perspective,* 48 Or L Rev 95 at 112; 57 Am Jur 2d, Municipal Tort Liability 119, § 111.

then commenced this action for both false arrest and malicious prosecution.

The court directed a verdict in favor of plaintiff on both causes of action against both Blanchette and the City, submitting to the jury in each count only the question of damages. The jury awarded plaintiff $100 general damages and $10 special damages on the false imprisonment count, and $5,000 general damages and $225 special damages on the malicious prosecution count. In the view we take of this case we find it unnecessary to set forth its lengthy and rather bizarre facts.

Defendants appeal only from the order directing a verdict in plaintiff's favor on the action for malicious prosecution, asserting as error that the existence of malice was for the jury, and that the court erroneously excluded testimony tending to show Officer Blanchette's reliance upon the advice of counsel.

■ In an action for malicious prosecution arising out of a criminal charge,[9] the plaintiff to recover must show that the proceedings initiated by the defendant against him were done so (1) without probable cause, (2) maliciously, and (3) that the proceedings were terminated in favor of the plaintiff. *Shoemaker v. Selnes,* 220 Or 573, 349 P2d 473, 87 ALR2d 170 (1960) ; *Hill v. Carlstrom,* 216 Or 300, 338 P2d 645 (1959) ; *Peterson v. Cleaver,* 124 Or 547, 553, 265 P 428 (1928) ; Restatement, Torts § 653 (1938). We have already pointed out that both proceedings were terminated in plaintiff's favor.

[9] For the elements required in a case arising out of the wrongful prosecution of a civil action, see Alvarez v. Retail Credit Ass'n, 234 Or 255, 259-60, 381 P2d 499 (1963).

Regarding the function of the court and the jury in passing upon and determining the question of probable cause in an action for malicious prosecution, the court in *Shoemaker v. Selnes,* supra, stated:

"In other words, where the facts or circumstances under which defendant acted are in dispute, such issue must go to the jury with instructions from the court that certain facts, if found to exist, do or do not constitute probable cause. *However, if there is no conflict in the evidence the question of probable cause is a question of law for the court.* 3 Restatement 434, Torts § 672. Where there is no conflict in the evidence as to what the circumstances were, the court solely must determine the question of lack of probable cause. Id. 437-438, § 673. Plaintiff has the burden of persuading the court that the circumstances under which the defendant acted did not give him reasonable cause for initiating the criminal proceedings. *Drake v. Anderson,* supra, * * * [215 Or 291 at 295]; 3 Restatement 434, Torts § 672." (Emphasis supplied.) 220 Or at 580-81.

*See, Gumm v. Heider,* 220 Or 5, 19, 348 P2d 455 (1960); *Kuhnhausen v. Stadelman,* 174 Or 290, 310-11, 148 P2d 239, 149 P2d 168 (1944).

In directing the verdict for plaintiff, the trial judge obviously concluded that the evidence on the probable cause aspect was not in dispute and thus became a question of law for the court. This finding is not assigned as error, and we do not consider it further. However, the judge also concluded that there was no conflict in the evidence on the issue of malice, and thus decided that issue as a matter of law. This conclusion is assigned as error. As we have already noted, malice is a necessary element to be proved in an action for malicious prosecution. *See,* Restatement, Torts 382, § 653 (1938); Newell, Malicious Prosecution 17-21, § 12 (1892); Prosser, Torts 834, 847-48, § 119 (4th ed 1971).

In two early malicious prosecution cases, both bearing the same name, the Oregon Supreme Court discussed at length the element of malice. In *Gee v. Culver,* 12 Or 228, 6 P 775 (1885), the trial judge instructed the jury on the issue of malice as follows:

"* * * If the defendant acted rashly, wantonly, or wickedly, the presumption of malice is conclusive * * *." 12 Or at 231.

This instruction was held to be erroneous. The court stated:

"* * * [I]n malicious prosecution the Court cannot go further than to give a definition of malice; it is never an inference of law. In that action malice must be alleged and proved as an independent fact. * * * *The jury are the exclusive judges of the malice of the defendant. * * *"* (Emphasis supplied.) 12 Or at 233.

And in the second *Gee v. Culver* case, 13 Or 598, 11 P 302 (1886), the court held:

"* * * In this form of action, therefore, *malice has reference to the mind and judgment of the defendant in the particular act charged, and is one of intent, and open to the jury.* (Barron v. Mason, 31 Vt. 197.) It is not the guilt of the prosecuted, but the intention of the prosecutor, which is the subject of examination in this action. (MacMahan v. Armstrong, 2 Stew. & P. 154; S. C., 23 Am. Dec. 304.) And what that intention was, whether malicious or justifiable, is for the jury, and not for the court, to infer from the facts and circumstances of the case. *In a word, whether the defendant acted with malice is never a legal presumption, whatever may be the facts, but is always a question for the consideration of the jury.*" (Emphasis supplied.) 13 Or at 602-03.

In *Kellogg v. Ford,* 70 Or 213, 139 P 751 (1914), the court stated:

"* * * While it is true that malice may be in-

ferred from want of probable cause, it is not a necessary inference and is never an inference of law. Want of probable cause is a fact to be considered by the jury with other facts in determining the presence or absence of malice: *Gee v. Culver,* 12 Or. 228 (6 Pac. 775)." 70 Or at 216-17.

More recently, in *Brown v. Liquidators,* 152 Or 215, 217-18, 52 P2d 187 (1935), the court stated:

*"In an action for malicious prosecution the existence of malice in the original proceeding is always a question of fact exclusively for the determination of the jury under proper instructions.* That the defendant was actuated by malice is an inference which may be drawn from the proof of want of probable cause. However, such inference is one of fact to be drawn by the jury and not a conclusion of law. The jury is not required to make such inference merely because they find there was a want of probable cause: Kellogg v. Ford, 70 Or. 213 (139 P. 751); Thienes v. Francis, 69 Or. 165, 169 (138 P. 490); 18 R. C. L. pp. 30, 52, §§ 17, 18 and 34; 38 C. J. 507, § 197." (Emphasis supplied.)

*See, Engelgau v. Walter,* 181 Or 481, 490, 182 P2d 987 (1947).

■ Additionally, we point out that there is evidence to indicate, for example, that Officer Blanchette was ordered by his superior officer, Sergeant Bowles, to arrest the defendant on the assault charge, and that Officer Blanchette consulted in advance with the city attorney's office regarding the propriety of signing of both complaints filed against the plaintiff. While such evidence was by no means conclusive, it was sufficient so that we cannot say there was a complete absence of proof on the question of malice. It follows from the foregoing that the trial court erred in not submitting the question of malice to the jury.

Since this case must be reversed, we deem it advisable to comment briefly on another assignment of error asserted by the defendants. They contend that the trial court erred in sustaining as hearsay plaintiff's objection to the testimony of Officer Blanchette regarding the out-of-court statements made to him by the city attorney.

The Restatement provides:

"(1) The advice of an attorney at law admitted to practice and practicing in the state in which the proceedings are brought whom the client has no reason to believe to be interested, is conclusive of the existence of probable cause for initiating criminal proceedings in reliance upon the advice if it is

"(a) sought in good faith, and

"(b) given after a full disclosure of the facts within the accuser's knowledge and information." Restatement, Torts 416, § 666 (1938).

Comment *g.* discusses the respective functions of court and jury thereunder. *See, Hess v. Oregon Baking Co.,* 31 Or 503, 515, 49 P 803 (1897); *Kuhnhausen v. Stadelman,* supra, 174 Or at 308-09; 10 ALR2d 1215 (1950).

■ Defendants contend that Officer Blanchette's testimony was relevant and proper in establishing probable cause, because the out-of-court statements of the declarant (city attorney) were offered, not to prove the truth of the matter asserted in the statements, but for the purpose of proving that Officer Blanchette did in fact confer with and was advised by the city attorney.

In *Sheedy v. Stall,* 255 Or 594, 468 P2d 529 (1970), the court said:

"For this reason, if a witness testifies to a

statement made by a declarant and such evidence is not introduced to prove the truth of the content of the declarant's statement, such testimony is admissible because it is not hearsay.

"\* \* \* \* \*

"Where the out-of-court statement has relevancy both as evidence that the statement was made and also as evidence of the fact asserted in the statement, the problem is even more difficult. This does not render the statement inadmissible, but limits the use to which the statement can be put.

"Wigmore states the proposition as follows: 'Where the *utterance of specific words is* itself *a part of the details of the issue under the substantive law and the pleadings,* their utterance may be proved without violation of the Hearsay rule, because they are not offered to evidence the truth of the matter that may be asserted therein.' 6 Wigmore, supra, § 1770, at 185.

"McCormick writes: 'The hearsay rule forbids evidence of assertions to prove the facts asserted in them. Manifestly, proof of utterances and writings may be made with an almost infinite variety of other purposes, not resting for their value upon the veracity of the out-of-court declarant and hence falling outside the hearsay classification.' McCormick, Evidence, 463, § 228 (1954).

"We have adopted the general principle that evidence of a third person's out-of-court statements is admissible 'when the extra-judicial statement of a third person is not offered to show the truth of the utterance, but only to show that the statement was made.' *Marr v. Putnam,* 213 Or 17, 25, 321 P2d 1061 (1958)." (Emphasis in original.) 255 Or at 597-98.

*State v. Dixon,* 5 Or App 113, 481 P2d 629, Sup Ct *review denied* (1971), *cert denied* 404 US 1024 (1972); *State v. Planck,* 3 Or App 331, 473 P2d 694, Sup Ct *re-*

*view denied* (1970), *cert denied* 406 US 973 (1972); *Utley v. City of Independence,* 240 Or 384, 392-93, 402 P2d 91 (1965); *Marr v. Putnam,* 213 Or 17, 321 P2d 1061 (1958).

Under the foregoing rule, such evidence, whether from Blanchette or the declarant, was admissible.

Reversed and remanded.