Argued November 16, 1977, affirmed March 1, 1978

STATE OF OREGON, *Respondent,*
*v.*
LARRY EUGENE ALDRIDGE, *Appellant.*
(No. C 77-04-0493, CA 8669)
575 P2d 675

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Joseph, Judges.

LEE, J.

**LEE, J.**

Defendant appeals from a jury conviction of robbery in the first degree, ORS 164.415, questioning (1) whether admission of certain evidence constituted reversible error and (2) whether ORS 135.435(1)(c) precludes the state from inquiring concerning information defendant disclosed in a pretrial conference which was in the nature of plea negotiations.

On April 3, 1977, a homeowner witnessed the defendant and a taxicab driver fighting in his driveway. The homeowner summoned the police. The driver claimed that he had been robbed of money by the defendant at knife point; defendant claimed that he was the victim of fraud by the driver and that the money at the scene was his. Defendant was charged with robbery in the first degree.

During the negotiations defendant disclosed that he had a prior robbery conviction in Iowa. Prior to trial defendant moved to require the state, as a condition precedent to making reference to that conviction, to show that its information about defendant's prior conviction was gained independently from defendant's statement during the negotiations. The motion was denied.

At trial defendant and the driver each claimed that the money in issue was his. The driver testified that on the evening of the robbery he had a $20 bill, a $10 bill, some 5's, some 1's and a $2 bill. Subsequently, during the questioning of a police officer by the prosecutor, the following exchange took place:

> Q: "[Prosecutor] How did you determine who the money belonged to?
> A: "[Police Officer] Ah, I first asked the defendant since he had told me, had been screaming that it was his, how much he had. And he said $80. Because of the amount I recovered I asked him what the bills were. He said he didn't remember.

[ 39 ]

"I then asked [the driver] how much money he had lost. He said—

"[Defense]: Objection, Your Honor, hearsay.

"THE COURT: It would be proper.

A: "[Police Officer] He said that he thought it was around 60 or 70, but he had one 20, and a 10, some 5's and some 1's. The bills recovered turned out to be a 20, a 10, three 5's, six 1's and a $2 bill."

Hearsay is "an out-of-court assertion being used in court to prove the truth of the matter asserted." *State v. Emery,* 4 Or App 527, 530, 480 P2d 445 (1971). The Supreme Court has distinguished certain statements that resemble hearsay but are not in fact hearsay:

"The exclusionary force of the hearsay rule is not applicable when the extra-judicial statement of a third person is not offered to prove the truth of the utterance, but only to show that the statement was made. Where the mere fact that the statement was made is independently relevant, regardless of its truth or falsity (as, for example, to show the state of mind of the declarant, where that fact is in issue), such evidence is admissible. * * *" *Marr et al v. Putnam et al,* 213 Or 17, 25, 321 P2d 1061 (1958).

1. The evidence in this case provides an example of such evidence. There were two distinct issues involving the money recovered by the police—(1) the actual denominations and amount of the money and (2) the driver's knowledge of the denominations and amount. The fact sought to be proven by the officer's testimony was not the denominations of the bills, but the driver's ability to describe the denominations on the evening of the incident.[1] As such the evidence was admissible. *State v. Dixon,* 5 Or App 113, 127, 481 P2d 629, *rev den* (1971), *cert den* 404 US 1024 (1972); *State v. Planck,* 3 Or App 331, 337, 473 P2d 694, *rev den* (1970), *cert den* 406 US 973 (1972).

2. At trial defendant testified on his own behalf and on cross-examination was asked, as permitted by ORS

[1]The actual denominations of the bills were proven by the testimony of the officer who recovered them.

45.600, whether he had ever been convicted of a crime. Defendant responded affirmatively and also answered the state's questions as to the name of the crime and the date and place he was convicted. Defendant asserts that since the state learned about defendant's prior conviction during the negotiations, the state must show that it obtained that knowledge independently of the conference before such evidence is admissible.

Oregon's pretrial negotiation statute provides in pertinent part:

"* * * [N]one of the following shall be received in evidence for or against a defendant in any * * * criminal proceeding:

"* * * * *

"*Any statement or admission made* by the defendant or his attorney to the district attorney and *as part of the plea discussion* or agreement." ORS 135.435(1)(c) (Emphasis supplied.)

The statute does not indicate that the state must show that it obtained information independently of pretrial negotiations—it only excludes statements or admissions which were made "as part of [a] plea discussion or agreement." This interpretation of the statute is consistent with legislative intent as expressed in the Proposed Oregon Criminal Procedure Code 164, Commentary, § 267 (1970). The discussion in the Commentary indicates that the statute was primarily designed to prohibit the admission of an offer to plead guilty or evidence of participation in plea discussions.[2] The evidence in the present case shows that the state did not offer any statements or admissions which were *made as part of plea discussions*—the state merely asked whether defendant had ever been convicted of a crime. The defendant

---

[2]The Commentary states that there is a split of authority on the question of whether, in the absence of statute, an offer to plead guilty or participate in plea discussions is admissible. It then notes that an Oregon case, *State v. Thomson,* 203 Or 1, 14, 278 P2d 142 (1954), held that admission in evidence of a withdrawn plea of guilty is reversible error. The legislative intent was that the state should not be allowed to use statements against defendant which he made concerning a plea.

[ 41 ]

answered that he had a prior conviction. The pretrial negotiation statute is not applicable to these facts.

Affirmed.